[Crim. No. 40955. Second Dist., Div. Four. Jan. 21, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
VERNON GOOCH, SR., Defendant and Appellant.

COUNSEL

Roger J. Rosen and Michael Ledbetter for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

AMERIAN, J.—Appellant Vernon Gooch, Sr., was found guilty of violation of sections 11351 and 11378 of the Health and Safety Code, after court trial.

### PROCEDURAL BACKGROUND

Prior to trial, appellant had filed a motion to quash the search warrant which had been issued for his person and residence premises. The affidavit for the search warrant, sworn to by a police officer, referred to information from an undisclosed confidential informant. The trial court granted the motion to quash the search warrant. The People took a writ and on August 18, 1980, this court issued a peremptory writ of mandate, directing the trial court to vacate its order granting the motion to quash and enter an order denying the motion.

Thereafter appellant's motion to disclose identity of the confidential informant was heard. On March 13, 1981, the trial court ordered under Evidence Code section 1042, subdivision (d),[1] that an *in camera* hearing be conducted on the "informant disclosure issue" prior to April 8, 1981. The hearing was held on March 13, 1981. On April 9, 1981, the trial court issued an order stating, "motion to compel disclosure of confidential informant is denied." The matter subsequently went to trial and appellant was convicted of the two crimes with which he was charged. He was sentenced to four years in state prison.

One of appellant's points on appeal is that the motion for disclosure of identity of the informant was improperly denied. In that connection we ordered a copy of the sealed reporter's transcript of the March 31, 1981, *in camera* proceeding at which only the judge, prosecutor, informant witness and a police officer were present. That transcript disclosed that the only witness called at the *in camera* hearing, the informant, was never placed under oath on March 31, 1981, before he answered the questions put to him.[2] The parties were then invited to brief the question of the significance, if any, of this defect.

## ISSUE

■ Where witnesses are called at an *in camera* hearing held under Evidence Code section 1042, subdivision (d), is an order denying a motion to disclose identity of an informant required to be based on testimony under oath or affirmation from the witnesses?

---

[1]That section provides, "(d) When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determinaton whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial. A reporter shall be present at the in camera hearing. Any transcription of the proceedings at the in camera hearing, as well as any physical evidence presented at the hearing, shall be ordered sealed by the court, and only a court may have access to its contents. The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."

[2]By use of the masculine pronoun, we do not indicate that the informant was necessarily a male.

## Discussion

The Evidence Code affords the prosecution the opportunity to offer "evidence" *in camera* on the question of whether there is a reasonable possibility that nondisclosure might deprive defendant of a fair trial. "Evidence" is defined in Evidence Code section 140 as follows: " 'Evidence' means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." Evidence Code section 710 provides, "Every witness before testifying shall take an oath or make an affirmation or declaration in the form provided by law."[3]

There was no oath ever administered to the informant here. Cases cited by respondent in which there is claimed some defect either in administration of the oath to a witness or in the assent of the witness are thus distinguishable. In addition, neither appellant nor his counsel was present at the *in camera* hearing. Under these circumstances there can be no waiver imputed to defendant of the fundamental requirement that a witness be sworn before questions are answered, if the answers are to be given any weight by the trier of fact.

In *People* v. *McCarthy* (1978) 79 Cal.App.3d 547 [144 Cal.Rptr. 822], a challenge was raised to the denial of a motion to disclose identity of an informant to an incident described in the search warrant affidavit. In rejecting the challenge of the defendants, the court noted, "The prosecutor's request for an *in camera* hearing pursuant to Evidence Code section 1042, subdivision (d) was granted by the trial judge. After hearing the testimony under oath of the informer, the trial court decided not to disclose the identity of the informer. This court has examined the testimony presented at the *in camera* hearing. The testimony of the informant was not in any way exculpatory but was very incriminatory." (At pp. 552-553.) Thus the court in *McCarthy* tacitly recognized the principle that whatever the informant related *in camera* would be under oath.

Appellant is entitled to have the trial court make the determination on the question of whether or not the identity of the informant should be disclosed based on sworn testimony from the informant and whatever other evidence the People wish to present·*in camera*.

---

[3]Civil Code section 14, when referring to definitions in that code, provides in part, ". . . oath includes affirmation or declaration; and every mode of oral statement, under oath or affirmation, is embraced by the term 'testify,' . . ." The form of oath or affirmation is set out in Code of Civil Procedure section 2094.

## DISPOSITION

The judgment is reversed with instructions to the trial court to conduct a hearing under Evidence Code section 1042, subdivision (d) consistent with this opinion.

Kingsley, Acting P. J., and McClosky, J., concurred.