[No. F003954. Fifth Dist. Jan. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLOTTE ANN LEE, Defendant and Appellant.

**COUNSEL**

William Arthur Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MARTIN, J.**—Defendant was charged with possession of phencyclidine (PCP) for sale. (Health & Saf. Code, § 11378.5.) Defendant moved for discovery and disclosure of the identity of a confidential informant. The court conducted an *in camera* hearing to question the informant and after the closed examination denied defendant's motion. Thereafter, the trial court, sitting without a jury, found defendant guilty as charged. The trial court granted defendant probation on the condition she serve a preliminary period of local incarceration of 365 days. Defendant filed a timely notice of appeal.

On September 23, 1983, this court filed a *per curiam* opinion reversing the judgment of conviction. We instructed the trial court to review the transcript of the previous *in camera* hearing and to conduct a further hearing under Evidence Code section 1042, subdivision (d). The trial court was instructed to reinstate the judgment if it found no reasonable possibility nondisclosure of the informant's identity would deprive defendant of a fair trial. In the event the trial court found such a reasonable possibility, the Court of Appeal directed the judgment be modified to reflect a conviction of possession of PCP (Health & Saf. Code, § 11377) unless the identity of the informant was disclosed.

On January 18, 1984, the trial court held a second *in camera* hearing in chambers pursuant to the remittitur. On February 1, 1984, the trial court heard the arguments of counsel, reinstated the original judgment, and directed defendant to comply with the terms and conditions of the original probation. Defendant again filed a timely notice of appeal.

### STATEMENT OF FACTS

*Facts Relating to the Crime:*

Defendant was convicted after court trial of possession for sale of PCP. (Health & Saf. Code, § 11378.5.) After an *in camera* hearing pursuant to Evidence Code section 1042, subdivision (d), the trial court denied defendant's motion for disclosure of the identity of a confidential informant. The informant had provided information which led to the issuance of a search warrant for defendant's residence. Execution of the warrant led to the key

evidence against defendant: three PCP-laced cigarettes weighing .15 grams which defendant tried to flush down the toilet and eight baggies containing 6.39 grams of PCP hidden in the living room couch. Defendant's trial testimony admitted possession of the three cigarettes for personal use but denied any knowledge of the presence of the larger quantity of PCP found in the couch.

This court reversed defendant's judgment of conviction because a review of the first *in camera* transcript revealed the informant did not testify under oath or affirmation as required by *People* v. *Gooch* (1983) 139 Cal.App.3d 342 [188 Cal.Rptr. 673].

*Facts Relating to Informant Disclosure:*

On September 14, 1982, defendant moved to disclose the identity and whereabouts of the informer identified as "X" in the affidavit in support of application for search warrant executed at Modesto on April 18, 1982.

In the open court portion of the hearing on the motion, the trial court noted: "I would have to say, Mr. Hollingsworth, off the face of the affidavit in support of the application for search warrant, it doesn't appear that the informant could conceivably be a material witness favorable to the defense on the question of guilt or innocence. I would assume that the informant might very well be a material witness for the prosecution in this case, but if the informant were to testify in accordance with what is described in the affidavit, certainly wouldn't be of much help to your client."

On October 13, 1982, the trial court conducted an *in camera* hearing pursuant to Evidence Code section 1042, subdivision (d). The following day the trial court ruled: "I have since the 30th held that hearing and will make the finding that under no conceivable circumstances that I can see would the informant be a witness helpful to the defense on any theories that have been advanced so far, and under the circumstances the motion will be denied."

As previously stated, this court reversed the judgment of conviction in an opinion filed September 23, 1983, and instructed the trial court to conduct a second *in camera* hearing. The trial court conducted the second hearing on January 18, 1984, and subsequently ruled as follows: "THE COURT: Again, maybe I'm blowing my own horn a little bit too loudly here, but I think that the examination in the original In Camera Hearing was as thorough as could possibly have been done and covered all the bases. The only problem was the apparent lack or oversight so far as placing the witness under oath is concerned. So I don't think that there was anything of a substantive nature that could be added in the course of any subsequent hear-

ing, just a question of having a competent witness or witnesses testify in a proper manner. [¶] I'm satisfied that's been done now, Mr. Hollingsworth, and I don't find that there's any reasonable possibility that nondisclosure would deprive Appellant of a fair trial. [¶] Under those circumstances I am going to order that the original judgment be reinstated."

## DISCUSSION

### I. COULD THE TRIAL COURT DETERMINE THE INFORMANT WAS NOT A MATERIAL WITNESS AS TO DEFENDANT'S GUILT WITHOUT ANY EVIDENCE BY THE INFORMANT?

■ Defendant contends testimony of police officers solely, and absent any testimony by the informer, was insufficient for the trial court to determine the informer was not possibly a material witness.

Evidence Code sections 1041 and 1042 provide for the privilege of non-disclosure of a confidential informant's name. The rationale for the privilege is a strong public interest in encouraging people to report illegal activities. Informants may be hesitant to cooperate if they believe they will be exposed to the danger of physical reprisals and legal actions for slander or malicious prosecution. However, the state's interest in preserving confidentiality must be balanced against the defendant's right to due process and a fair trial. (Jenner, Cal. Criminal Law Practice Series (Cont.Ed.Bar 1980) Discovery, § 87, pp. 97-98.)

The California Supreme Court has stated: "It is well established that the prosecution must disclose the identity of an informant who is a 'material witness' in a criminal case. Failure to do so results in the dismissal of charges against the defendant. (*Eleazer* v. *Superior Court* (1970) 1 Cal.3d 847, 851 . . . .) An informant is a 'material witness' if it appears from the evidence presented that there is a reasonable possibility the informant could give evidence on the issue of guilt which might result in a defendant's exoneration. (*People* v. *Borunda* (1974) 11 Cal.3d 523, 527 . . . .) However, an informant is not a material witness when ' "he simply points the finger of suspicion toward a person who has violated the law. . . ." ' (*People* v. *McShann* (1958) 50 Cal.2d 802, 808 . . . .)" (*People* v. *Wilks* (1978) 21 Cal.3d 460, 468-469 [146 Cal.Rptr. 364, 578 P.2d 1369].)

■ Defendant bears the burden of showing the informer may be a material witness on the issue of defendant's guilt or innocence. (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 88 [104 Cal.Rptr. 226, 501 P.2d 234].) Where the evidence indicates the informer was an actual participant in the crime alleged or was a nonparticipating eyewitness to that offense, ipso facto

it is held he would be a material witness on the issue of guilt and nondisclosure will deprive the defendant of a fair trial. The proximity in time and space of the informer's relationship to the alleged crime readily tips the scales against the public interest and in protecting the flow of information to law enforcement personnel. However, when the informer is shown to have been neither a participant in nor a nonparticipant eyewitness to the charged offense, the possibility he could give evidence which might exonerate the defendant is even more speculative and, hence, may become an unreasonable possibility. If disclosure were compelled regardless of the degree of attenuation of the informer's nexus with the crime, it would be impossible to obtain a search warrant based on a reliable informant unless the police officer was prepared to disclose the informant's identity. However, the defendant seeking disclosure of an informant's identity need not prove the informant was a participant in or even an eyewitness to the crime. Further, there is no requirement the informant must have given the police information about the very crime charged. All that is necessary is that he be a material witness on the issue of *defendant's guilt* of the crime charged. (*Williams* v. *Superior Court* (1974) 38 Cal.App.3d 412, 420-421 [112 Cal.Rptr. 485].) A nonparticipant informant can be a material witness whose identity must be disclosed upon proper demand even when such informant was not an eyewitness to the alleged criminal act. (*People* v. *Garcia* (1967) 67 Cal.2d 830, 837 [64 Cal.Rptr. 110, 434 P.2d 366].)

In the instant case, defendant contends only the informant could testify defendant was the person he had seen selling PCP in the apartment or whether someone else was actually exercising dominion and control over the drugs. She maintains there are any number of questions only the informant could answer.[1] Defendant concludes "nobody knows what X might

---

[1]"Is the defendant the same person you described to Officer Johnson?

"Did you know PCP was hidden in the courch [*sic*] in defendant's apartment?

"Did you know PCP was hidden anywhere in defendant's apartment?

"Did you put any PCP in defendant's apartment?

"Do you know who did?

"Was defendant present at the time?

"Did you ever see anyone else at defendant's apartment with PCP?

"Who appeared to have control of the PCP that you saw?

"How much PCP did you see in defendant's apartment?

"Did defendant appear to know about the PCP hidden in the apartment?

"Did any one [*sic*] else live, or stay, in that apartment?

"Did you?

"Did you ever sell any PCP from that apartment?

"Do you know of anyone who did?

"Has anyone threatened you or promised you anything if you fabricated or withheld evidence?

"Was the defendant a heavy user of PCP?

"Do you know where Joe Kieth Berry is living? . . ."

testify to, but being a percipient witness antecedent to the crime makes him a material witness.''

The People contend they are unaware of what evidence was presented at the second *in camera* hearing since the transcript of that proceeding was ordered sealed and not included in the record on appeal. The People ask this court to examine the sealed transcript and determine the propriety of the trial court's ruling.

In its September 23, 1983, opinion, this court stated: ''. . . the informant could only have been material as to the issue of whether PCP was held for sale, since overwhelming evidence established appellant in possession of the three PCP-laced cigarettes which she was attempting to flush down the toilet.'' The materiality of an eyewitness-informer is well established. (See *Honore* v. *Superior Court* (1969) 70 Cal.2d 162, 168-169 [74 Cal.Rptr. 233, 449 P.2d 169] [informer observed methedrine in defendant's apartment]; *People* v. *Perez* (1965) 62 Cal.2d 769, 773-774 [44 Cal.Rptr. 326, 401 P.2d 934] [informer saw marijuana in defendants' room]; *People* v. *Williams* (1958) 51 Cal.2d 355, 359-360 [338 P.2d 19] [informer observed sale of drugs to undercover officer]; and *People* v. *Lynn* (1969) 271 Cal.App.2d 670, 672-674 [76 Cal.Rptr. 801] [informer saw marijuana and heroin in the defendant's apartment].)

In his affidavit in support of application for search warrant, Modesto Police Officer James Johnson made the following sworn statement regarding the confidential informant: ''This confidential reliable informant has provided your affiant with the following information:

''Within the past seventy-two hours of today's date, April 18, 1982, X told your affiant that within the past seventy-two hours of today's date, April 18, 1982 that X had gone to the residence of the person known to X as 'Ann,' at the residence located at 723 Walnut Way, Modesto, California. X stated while inside the residence at 723 Walnut Way, Modesto, California, that X observed 'Ann' in possession of no less than four grams of a substance which 'Ann' told X was 'crystal.' X described to your affiant the 'crystal' as being a white granular substance and that it was packaged in 'baggies.' X further told your affiant that while X was at the residence X observed 'Ann' to sell at least one 'joint' for the sum of twenty dollars.

''X described 'Ann' as being a white female adult, approximately thirty years of age, approximately five feet eight inches tall, weighing approximately one hundred and fifteen pounds, and having light brown hair. X further stated that X has observed 'Ann' to sell PCP no less than fifteen times from her residence and vehicle within the last eighteen months and X

knows 'Ann' to be a steady and consistent dealer of PCP, and can usually be found to be in possession of PCP in quantities for sale."

A review of the *in camera* hearing transcripts confirms the content of Officer Johnson's sworn statement. ▉ The testimony clearly establishes the confidential informant is a material witness. The question then is whether nondisclosure of identity automatically deprives defendant of a fair trial or whether defendant must separately establish a fair trial deprivation.

There are two lines of cases on this point. One group of cases suggests that nondisclosure of the identity of a material witness will always deprive a defendant of a fair trial. A second group of decisions applies a "two-pronged" test in which the fair trial element is considered only *after* the informant is determined to be a material witness. (See *Williams* v. *Superior Court, supra,* 38 Cal.App.3d 412, 417-418.) If so, then they consider separately whether nondisclosure deprived defendant of a fair trial. It appears our Supreme Court has not adopted either of these tests to the exclusion of the other.

In our opinion in case No. F001767 the judgment was reversed and remanded to the trial court for a further hearing pursuant to Evidence Code section 1042. We then stated: "In the event the trial court, after conducting such hearing and affording both counsel an opportunity to argue the matter, finds no reasonable possibility nondisclosure would deprive appellant of a fair trial, the judgment shall be reinstated." ▉ Thus, we have adopted, in this case at least, the above described "two-pronged" test and defendant has the burden of establishing that nondisclosure of the informant's identity deprived her of a fair trial.

A defendant shows the existence of this element when, based on "some evidence," he demonstrates a reasonable possibility the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration. (*Williams* v. *Superior Court, supra,* 38 Cal.App.3d 412, 418-419.) In the instant case, defendant contends the trial court could not determine the fair trial issue because the informant was unavailable to testify at the second *in camera* hearing.

▉ Where no *in camera* hearing has been held, lack of knowledge of the informer's testimony requires a disclosure of his identity or a dismissal of the case. When an *in camera* hearing has been held and the trial court reasonably concludes the informant does not have knowledge of facts exculpating defendant, disclosure of the informant's identity is prohibited by Evidence Code section 1042, subdivision (d). (*People* v. *McCarthy* (1978) 79 Cal.App.3d 547, 555 [144 Cal.Rptr. 822].) Evidence Code section 1042,

subdivision (d) provides in relevant part: ". . . During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution *may offer evidence* which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial. . . ." (Italics added.)

Thus, the statute does not expressly require the prosecution to produce the confidential informant before the trial court may make a determination. Defendant has not cited and we have not found any authority conditioning the trial court's determination of materiality on the presence and testimony of the confidential informant.

The Second District Court of Appeal has noted the *in camera* hearing is only one phase of a more extended, adversary hearing. A record of the *in camera* proceeding is maintained so the defendant who assails an unfavorable ruling may obtain appellate review of the proceedings. Evidence Code section 1042, subdivision (d) requires the judge to consider both the evidence at the open court hearing and the *in camera* hearing in determining whether nondisclosure of the informant's identity would deprive defendant of a fair trial. (*People* v. *Levine* (1984) 152 Cal.App.3d 1058, 1070 [199 Cal.Rptr. 756].)

In the instant case, the trial judge conducted a second *in camera* hearing in his chambers pursuant to Evidence Code section 1042, subdivision (d). In the open court hearing on the remittitur, the trial court concluded: "I would have to say that based on the evidence given at the first In Camera Hearing, if that had been under oath, there was absolutely no question, there would have been absolutely no question in my mind at all, the Court's conclusion that the informant was not a material witness on the question of guilt or innocence, either for simple possession or for possession for sale would have to stand.

"The only problem with that original evidence at that original hearing was that it was not under oath, apparently. If it was the Court Reporter failed to note it.

"I have covered the same ground essentially in the subsequent hearing and I am again satisfied from having done so that there is no way that the

informant could reasonably be expected to be a material witness on the question of guilt or innocence of the greater offense of possession for sale. I think that is what the Court of Appeal was concerned with."

■ It was not error per se for the trial court to conduct a second *in camera* hearing to determine the fair trial issue without the personal appearance and testimony of the confidential informant at such hearing. ■ However, the trial court erred in its conclusion that the informant was not a possible material witness and in failing to order disclosure of the informant's identity. Defendant demonstrated a reasonable possibility the informer could give evidence on the issue of guilt that could result in defendant's exoneration (*People* v. *Garcia, supra,* 67 Cal.2d 830, 840); only the informant could testify as to whether defendant personally had been selling PCP, whether she or another or others exercised dominion and control over the drugs and the nature and extent of the informant's personal knowledge of these matters. The materiality of the informer's possible testimony could not be determined by the characterization of his statement to the police by a police witness or by conclusions drawn from such statement by such police witness. (*In re Tracy J.* (1979) 94 Cal.App.3d 472, 477-488 [156 Cal.Rptr. 512].)

## II. Did the Trial Court Improperly Consider the Testimony in the First *In Camera* Hearing?

■ Defendant next contends the trial court improperly considered the record of the first *in camera* hearing in determining whether nondisclosure of the informant's identity deprived her of her right to a fair trial. We agree with defendant in this regard but must share with the trial court responsibility for the error.

In our *per curiam* opinion filed September 23, 1983, this court stated in relevant part: "The judgment is reversed with directions to the trial court to review the transcript of the previous *in camera* hearing and conduct a hearing under Evidence Code section 1042, subdivision (d) consistent with this opinion."

Defendant contends the entire transcript of the first *in camera* hearing is hearsay (Evid. Code, § 1200); no evidence was offered outside the second *in camera* hearing to show the unavailability of the informant; and no exception to the hearsay rule appears applicable. Defendant contends the police officers' attempted corroboration of the informant's hearsay is meaningless because the officers could not have given evidence showing the informer was not a material witness.

"Evidence" is defined in Evidence Code section 140 as follows: " 'Evidence' means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." Evidence Code section 710 provides: "Every witness before testifying shall take an oath or make an affirmation or declaration in the form provided by law." Evidence Code section 1042, subdivision (d), provides in relevant part: "At the in camera hearing, the prosecution may offer *evidence* which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (Italics added.)

The trial court could not properly consider the unsworn testimony of the confidential informant from the first *in camera* hearing at the second *in camera* hearing since such testimony did not constitute "evidence" within the meaning of the Evidence Code.

As defendant suggests, we did not intend that the trial court review the transcript of the first *in camera* hearing and treat such testimony as *evidence* to be weighed and considered with evidence properly received at the second *in camera* hearing. We could not foresee that the same trial judge would conduct the second hearing and intended the transcript be reviewed as a guideline for the material to be covered and the questions to be asked at that hearing. Although we had good intentions, we were somewhat less than clear and precise in our direction to the trial court.

Thus, error occurred and in accordance with our earlier opinion in No. F001767, the judgment must be modified to reflect a conviction of possession of PCP in violation of Health and Safety Code section 11377.

The judgment is affirmed as modified and remanded for resentencing for violation of Health and Safety Code section 11377.

Franson, Acting P. J., and Hanson (P. D.), J., concurred.