[No. B017580. Second Dist., Div. Seven. May 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN WILLIAM ALDERROU, Defendant and Appellant.

**COUNSEL**

J. N. Wiedman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart and Paul C. Ament, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—In this case, appellant urges the trial court erred in denying him disclosure of the identity of a confidential informant. The court held an in camera hearing at which the confidential informant did not appear. We conclude in the circumstances of this case it was appropriate to deny disclosure even without testimony from the informant at the in camera hearing. Accordingly, we affirm.

### FACTS AND PROCEEDINGS

Between December 12 and 17, 1984, an informant told Officer Robert P. Mallen he had purchased cocaine from appellant on numerous occasions at a certain address. Shortly thereafter Officer Mallen arranged a "controlled buy." The officer dialed the telephone number of the residence and listened in while the informant discussed a purchase of cocaine. The person on the other end of the line identified himself as "Bill" and said he was by himself at the time. The informant was searched and given $100 in marked bills. The informant went to the house and returned without the money but with nearly a gram of cocaine.

Using an affidavit recounting the informant's information and the circumstances of the "controlled buy," Officer Mallen obtained a search warrant for the residence. He and other officers served the warrant. A woman, Cynthia Burris, answered the door. When the officers entered they found appellant was not at home but Debbie Reynolds, appellant's girlfriend, was also there.

In the bedroom shared by appellant and his girlfriend Officer Mallen discovered a scale, several other tools and devices ordinarily used in drug packaging. He also found an attache case in that same bedroom. Inside the case he found miscellaneous papers containing appellant's name and no other along with some keys. The keys unlocked one of two safes in a closet in the bedroom. Officer Mallen opened the safe and found a large clear plastic bag containing 28-1/2 grams of what turned out to be cocaine. In the closet he also located several plastic baggies and an OHUS scale.

Shortly thereafter appellant arrived home. Officer Mallen detained him and told appellant he was contemplating an arrest of the girlfriend since she

shared the bedroom with appellant. Appellant told the officer his girl had nothing to do with the cocaine and everything in the bedroom related to narcotics belonged to him. Appellant also opened the combination safe which was located in the closet. Inside the officers found a bottle containing one and one-half ounces of a white powder commonly used as a cutting agent when packaging cocaine for sale.

A preliminary hearing was held on April 29, 1985, and defendant held to answer. Appellant then moved to disclose the identity of the confidential informant. A hearing was held on June 21, 1985. After the hearing the court decided the evidence was sufficient to warrant an in camera hearing as called for in *People* v. *Blouin* (1978) 80 Cal.App.3d 269 [145 Cal.Rptr. 701]. This in camera hearing was held on August 29, 1985. Officer Mallen was unable to locate the confidential informant. Therefore the informant did not testify at the in camera hearing. (In connection with the appeal this court has reviewed a transcript of that in camera hearing.)

On September 3, 1985, the trial court announced it had held the in camera hearing and disclosed "there was no reasonable possibility that the informant could provide any information which could possibly lead to the exoneration of (the appellant) . . . ." On October 10, 1985, the court heard evidence as to prosecution's good faith efforts to maintain contact with the informant. Based on the evidence he heard the judge concluded the prosecution had indeed exercised sufficient diligence in attempting to maintain contact with the informant. The court further held the defense unduly delayed its request for disclosure of the informant's identity and for these two reasons the defense would not be entitled to dismissal even if there was a possibility disclosure of the informant's identity could lead to exoneration of the defendant.

The court denied the disclosure motion, the defendant waived his rights to jury trial, and the matter was submitted on the preliminary hearing transcript. The court found appellant guilty as charged. The court granted three years probation on condition appellant spend the first one hundred eighty-two days (including two days of time served) in county jail.

Appellant appeals solely from the denial of his motion to disclose the identity of the confidential informant.

### DISCUSSION

This is a relatively close case. ▮ Appellant in essence contends the trial court could not determine whether the confidential informant was a "material witness" whose identity must be disclosed, because the confiden-

tial informant did not testify at the in camera hearing. He relies primarily on *People* v. *Lee* (1985) 164 Cal.App.3d 830 [210 Cal.Rptr. 799]. In that case, as here, the confidential informant did not testify at the in camera hearing and the appellate court compelled disclosure of the informant. We do not construe *People* v. *Lee* to require testimony from the confidential informant at the in camera hearing, nor would such an interpretation be consistent with the Evidence Code. ■ Although it is a closer question, we also conclude, based upon a review of both the adversary hearing and the in camera hearing, that the trial court exercised its discretion appropriately in finding nondisclosure of the informant's identity did not deprive appellant of a fair hearing.

I.

*The People Need Not Introduce the Confidential Informant's Testimony at an In Camera Hearing Held Pursuant to Evidence Code Section 1042, Subdivision (d).*

Evidence Code section 1042, subdivision (d) describes the procedures to be followed and the standards to be applied when a defendant moves to require disclosure of the identity of a confidential informant. The code provides: "(d) When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. Such hearing shall be conducted outside the presence of the jury, if any. During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel. At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial. A reporter shall be present at the in camera hearing. Any transcription of the proceedings at the in camera hearing, as well as any physical evidence presented at the hearing, shall be ordered sealed by the court, and only a court may have access to its contents. The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."

In the instant case the trial judge complied with the procedures outlined in the Evidence Code. It first held an open, adversary hearing. It then held the in camera hearing contemplated in section 1042, subdivision (d). As it turned out, the officers were unable to locate the confidential informant and this hearing had to be held without the informant's testimony.

Neither expressly nor by implication does Evidence Code section 1042, subdivision (d) *require* the confidential informant to be present or to testify at the in camera hearing. Instead, that section says at the in camera hearing "the prosecution *may* offer *evidence* which would tend to disclose or which discloses the identity of the informant . . . ." (Evid. Code, § 1042, subd. (d); italics added.) It says nothing about the type of evidence to be offered on these issues. Moreover, the language of this section contemplates the possibility the prosecution will introduce evidence of some kind which will only *tend* to disclose the informant's identity, not disclose it. If the confidential informant was always present and always testified then his identity would always be disclosed to the judge. But the Legislature clearly anticipated there would be situations where the informant's identity was not revealed to the judge but where others would supply information perhaps about his relationship to the defendant or to the criminal transaction or to the premises involved which, if known to the defendant, might only tend to suggest the informant's identity.[1]

*People* v. *Lee, supra,* 164 Cal.App.3d 830, the case appellant relies on, actually supports our construction of the language of Evidence Code section 1042, subdivision (d). In that opinion, the court observed: "Defendant contends testimony of police officers solely, and absent any testimony by the informer, was insufficient for the trial court to determine the informer was not possibly a material witness. . . . [T]he statute does not expressly require the prosecution to produce the confidential informant before the trial court may make a determination. Defendant has not cited and we have not found any authority conditioning the trial court's determination of materiality on the presence and testimony of the confidential informant. . . .It was not error per se for the trial court to conduct [an]. . .*in camera* hearing to determine the fair trial issue without the personal appearance and testimony of the

---

[1] A leading commentator on California evidence law reaches a similar conclusion about the proper interpretation of the language of section 1042 (d). "The more reasonable view is that a defendant cannot demand that the informer be produced at the *in camera* hearing in order for the court to determine properly whether the informer is a material witness for defendant and whose identity must then be revealed." (Jefferson's Synopsis of Cal. Evidence Law (1985) § 43.3, p. 712.) At the same time this commentator observes it is risky for the prosecution to rely solely on other forms of evidence at the in camera hearing. "In most cases it would appear that the informer would be a *necessary* witness at the *in camera* hearing. Experience indicates that only in the rare case are police officers or others able to offer competent evidence to obviate the necessity for the informer to appear and testify." (*Ibid*; italics in original.)

confidential informant at such hearing." (*People* v. *Lee, supra,* 164 Cal.App.3d 830, 835, 839, 840.)[2]

## II.

*The Trial Court Did Not Abuse Its Discretion in Concluding There Was No Reasonable Possibility This Confidential Informant Could Give Evidence on the Issue of Guilt That Could Result in Appellant's Exoneration.*

 The trial court did not abuse its discretion in concluding there was no reasonable possibility this confidential informant could give evidence on the issue of guilt that could result in appellant's exoneration. Evidence Code section 1042, subdivision (d) also sets forth the standard which the trial judge must apply in determining whether disclosure of the informant's identity is appropriate. The first sentence in the subsection defines what a defendant must allege when he seeks disclosure. He must allege "the informant is a *material witness* on the issue of guilt." But that is not the crucial standard. The last sentence of Evidence Code section 1042, subdivision (d) *prohibits* the court from ordering disclosure *unless* "the court concludes that there is a *reasonable possibility* that nondisclosure *might* deprive the defendant of a *fair trial.*" (Evid. Code, § 1042, subd. (d), italics added.)

Whether both of these sentences in section 1042, subdivision (d) actually state the same standard or indeed two separate standards, both of which must be satisfied to order disclosure, is not an issue which need trouble us here. The Supreme Court has interpreted what it takes to be a material witness and what is required for a fair trial in terms of whether the informant's testimony might tend to exonerate the defendant. "[T]he court has clearly defined a *single* standard which, if met, discharges the defendant's burden as to *both* elements of the 'two-pronged' test. The defendant shows the existence of those elements when, based upon 'some evidence' [citation omitted], he demonstrates a reasonable *possibility* that the anonymous informant whose identity is sought could give evidence on the issue of guilt which *might* result in defendant's exoneration. (*People* v. *Garcia* [(1967) 67 Cal.2d 830, 840 (64 Cal.Rptr. 110, 434 P.2d 366)]) . . . ." (*Williams* v. *Superior Court* (1974) 38 Cal.App.3d 412, 419 [112 Cal.Rptr. 485], italics in original.) Thus, an infor-

---

[2]It should be noted, however, the *Lee* court, after reviewing the transcript of the in camera hearing, concluded the evidence actually presented at that hearing was insufficient to show the informant could not possibly give "evidence on the issue of guilt that could result in defendant's exoneration . . . ." (*People* v. *Lee, supra,* 164 Cal.App.3d 830, 840.) But that was because in the circumstances of the particular case the evidence actually presented at the in camera hearing was inadequate. It was not because the court found the informant's testimony to be an essential ingredient of such a hearing.

mant is not a "material witness" nor does his nondisclosure deny the defendant a fair trial where the informant's testimony although "material" on the issue of guilt could only further implicate rather than exonerate the defendant.

▪ In the instant case there is little doubt the confidential informant could have supplied material testimony which might have reinforced the evidence of appellant's guilt. However, there is *no reasonable possibility* any evidence which appellant could *reasonably anticipate* eliciting from this informant could have *tended to exonerate* him of the charges for which he was convicted.

In analyzing the evidence actually used to convict appellant and the evidence the confidential informant might have supplied, it is important to bear in mind what offense appellant was found to have committed. He was charged and convicted of possessing cocaine for sale in violation of Health and Safety Code, section 11351. He was not convicted of selling cocaine or transporting it or giving it away. Appellant was not being charged nor was he convicted of the particular sale—or any sale—which he may have made to the confidential informant or which the confidential informant may have witnessed. Instead the crime for which he was charged and convicted was the possession of cocaine which had not yet been sold to anyone but was intended to be sold by someone at some time to someone else.

The prosecution did not prove appellant possessed this cocaine for sale by introducing evidence he actually sold some other cocaine to the confidential informant on a previous occasion. Rather it relied on the quantity of cocaine found in appellant's possession combined with the scales, cutting compound, and other apparatus and supplies he also possessed which are typically associated with cocaine intended for sale rather than for personal use. Defendant's possession, dominion and control of these narcotics was proved rather conclusively by the fact they were found in a safe opened with a key taken from a case containing his papers and only his papers, combined with the fact the cutting compound was taken from a combination lock safe he personally unlocked and his own admission the cocaine and narcotics paraphernalia found in the bedroom he shared with his girlfriend were entirely his and not hers.

This contrasts with *People* v. *Lee, supra,* 164 Cal.App.3d 830 relied upon by appellant. In that case there was no evidence about which occupant of the house had dominion and control over the narcotics found during the search. Indeed the defendant denied even knowing about the commercial quantity of PCP found hidden in the living room couch and others could easily have put the drugs in the sofa. Thus "only the informant could testify

as to whether defendant personally had been selling PCP, whether she or another or others exercised dominion and control over the drugs and the nature and extent of the informant's personal knowledge of these matters." (*People* v. *Lee, supra,* 164 Cal.App.3d 830, 840.) Here, the informant's testimony was unnecessary to show dominion and control over the cocaine in question. The commercial quantity of narcotics was in a locked safe in appellant's own bedroom which could only be opened with a key taken from appellant's briefcase. Moreover, the appellant admitted the narcotics and the apparatus needed to prepare it for sale were his and only his.

The testimony elicited at the open, adversarial hearing on appellant's motion to compel disclosure of the informant's identity did not raise any "reasonable possibility" the informant could supply evidence which would tend to *exonerate* appellant. In that hearing, it was learned the officer heard the informant arrange for a cocaine purchase from a male whose name was "Bill." There were only three occupants of this house, two females and one male, the appellant. Moreover, appellant's name is John William Alderrou and "Bill" is a common nickname for William. But even were the confidential informant to testify he actually paid his money to and received his narcotics from one of the female occupants of this house it would not have tended to exonerate appellant of the crime of *possessing* the cocaine found in his bedroom safe for purposes of sale. ■ To be guilty of this crime, he did not have to personally sell the cocaine. He did not even have to have *sole* dominion and control of the narcotics. (*People* v. *Tolliver* (1975) 53 Cal.App.3d 1036 [125 Cal.Rptr. 905].)

In many respects, the instant case is a stronger one than *People* v. *Green* (1981) 117 Cal.App.3d 199 [172 Cal.Rptr. 582] for denying disclosure of the informant's identity. In *Green,* the narcotics were found in a storeroom rather than a safe. The defendant had a key to that storeroom. The court deemed this fact sufficient in itself to deny disclosure of the identities of four informants because nothing they could have said would have been likely to disprove defendant's dominion and control over the narcotics. This was true even though the fingerprints of a second person were found on one of the packages of narcotics and narcotics paraphernalia was found in that person's room. "Admittedly, [this evidence] . . . may support an inference [the second person] was an active participant in the drug dealing on the premises. The record, however, indicates *no reasonable* possibility that the unidentified informants could establish that defendant's degree of dominion over the contraband found in the storeroom was insufficient to support the . . . judgment as to . . . possession of heroin for sale." (*People* v. *Green, supra,* 117 Cal.App.3d 199, 208.) ■ In the instant case, the paraphernalia was located in appellant's own closet not a general storeroom along with two safes, one containing the narcotics and the other the cutting compound.

Appellant had the key to one safe and the combination for the other. And there was no evidence the fingerprints of anyone else appeared on any of the containers or narcotics. If disclosure of the informants was unnecessary in *Green,* it clearly was unnecessary in the instant case.

Indeed one would have to engage in wild speculation about convoluted improbable plots to come up with a scenario which would produce testimony from this confidential informant tending to exonerate this appellant of this offense. The informant would have had to be in a position to testify he observed conduct or heard conversation indicating that somehow without appellant's knowledge and assistance, his girlfriend or the other woman residing in the house, or both, were dealing cocaine out of his bedroom. The cocaine they were selling would have had to have been stored in a safe in his closet and the key to that safe hidden in his briefcase. The compound used to cut the cocaine would have had to have been stored in another safe to which he had the combination. And the paraphernalia used to package the cocaine for sale would have had to have been in his closet, too. Yet somehow, the testimony would have to suggest the possibility one or both of the women had exclusive dominion and control over this cocaine and appellant had none. This kind of "Alice in Wonderland" scenario does not rise to the level of a "reasonable possibility" and thus is not grounds for requiring disclosure of the identity of the confidential informant.

Since we have ruled the trial court properly denied the motion for disclosure of the confidential informant on the ground the confidential informant could not have provided evidence that would have exonerated defendant we need not reach the question of whether appellant was tardy in lodging his motion or whether the officers were diligent in maintaining contact with the confidential informant.

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.

On June 8, 1987, the opinion was modified to read as printed above.