[No. C011478. Third Dist. Sept. 30, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDY ERNESTO RUIZ, Defendant and Appellant.

**COUNSEL**

James H. Dippery, Jr., under apointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, J. Robert Jibson and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SCOTLAND, J.—After denial of his motion to disclose the identity of a confidential informant (CI) who witnessed the transaction, defendant was convicted of selling methamphetamine. (Health & Saf. Code, § 11379.) On appeal, he contends the trial court erred in denying the motion.

Because the CI did not testify at the in camera hearing on defendant's motion to disclose the informant's identity, we shall reverse the judgment and remand the matter for further in camera proceedings. As we shall explain, the fact the CI witnessed the alleged methamphetamine transaction does not necessarily compel disclosure of the CI's identity. Evidence adduced at an in camera hearing may establish there is no reasonable possibility the CI could give evidence which might result in defendant's exoneration. In order for the trial court to make this determination, the CI's in camera testimony is essential because he was an eyewitness to the alleged transaction. The materiality of the CI's possible testimony cannot be determined by a peace officer's characterization of the CI's knowledge of the incident and the CI's reliability and credibility.

### DISCUSSION

### I

At the preliminary hearing, Deputy Sheriff Bruce Ramos testified the CI told him of a subject wishing to "deal off" some methamphetamine. The CI arranged for Ramos to purchase an eighth of a gram of methamphetamine from defendant. About 9:30 that night, Ramos went to a residence in Marysville, where he was met at the door by the CI. After the CI introduced Ramos to defendant, the CI and defendant went into a bedroom for about 30 seconds, returned together, and defendant handed Ramos a baggie of methamphetamine. Ramos paid defendant for the methamphetamine. Ramos, defendant and the CI stood together at the time of the transaction. Defendant was held to answer, and the case was certified to the superior court.

Defendant then filed a motion for disclosure of the CI's identity. Defendant contended the CI could give material testimony because he arranged and participated in the alleged drug transaction and his testimony was crucial to impeach Ramos. In their opposing memorandum of points and authorities, the People conceded the CI was a percipient witness who "might offer a version of events supporting the defendant's plea of innocence." The court concluded defendant made a sufficient showing to justify an in camera hearing. After an in camera hearing, the motion to disclose the identity of the CI was denied.

At trial, the prosecution evidence showed defendant sold a usable amount of methamphetamine to Ramos for $140. Defendant testified Ramos and "Mark" came to his apartment and asked to buy a quarter-pound of methamphetamine. Defendant denied giving drugs to either.

## II

 Noting that this case was essentially a credibility contest between defendant and Ramos, and that the CI was a percipient witness to the offense, defendant contends it is reasonably possible the CI could give exculpatory testimony. Thus, it was crucial to the defense to know CI's identity. Defendant asks this court to independently review the transcript of the in camera hearing to determine whether the trial court erred in concluding that nondisclosure would not deprive defendant of a fair trial.

As a general rule, a public entity has a privilege to refuse to disclose the identity of a person who has furnished information purporting to expose a violation of a law and to prevent another from disclosing such identity if disclosure is against the public interest because there is a necessity for preserving the confidentiality of the informant's identity that outweighs the necessity for disclosure in the interest of justice. (Evid. Code, § 1041, subd. (a).)

When, in a criminal proceeding, a party demands disclosure of the informant's identity on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure. If the privilege afforded by Evidence Code section 1041 is claimed, the prosecutor may request the court to hold an in camera hearing outside the presence of the defendant and defense counsel. At the in camera hearing, the prosecutor may offer evidence which discloses the identity of the informant and aids the court in determining whether disclosure to the defense is necessary for a fair trial. The court "shall not order disclosure . . . unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (Evid. Code, § 1042, subd. (d).)

 That the CI witnessed the transaction between defendant and Ramos does not necessarily compel disclosure of the CI's identity. "Evidence adduced at an in camera hearing can potentially establish that there was no reasonable possibility that a particular percipient eyewitness-informer could

give evidence on the issue of guilt which might result in a defendant's exoneration. [Citation.] In such a situation, the witness would not be material under the test for materiality established by the California Supreme Court." (*People* v. *Lanfrey* (1988) 204 Cal.App.3d 491, 502-503 [251 Cal.Rptr. 189].) Stated another way, if evidence presented at the in camera hearing in this case established no reasonable possibility the CI could give evidence favorable to defendant, there was no requirement to disclose the CI's identity because there would be no reasonable possibility that nondisclosure might deprive the defendant of a fair trial. (Evid. Code, § 1042, subd. (d).)

 The transcript of the in camera hearing reveals the CI did not testify at the hearing. The sole witness was Ramos, who testified in a manner consistent with his preliminary hearing testimony. Ramos also testified the CI had been helpful to law enforcement in the past, characterized the CI as reliable, and stated he knew nothing to suggest the CI would give false testimony or would be involved in other improper conduct.

Although there is no general requirement that an informant must be present or testify at an in camera hearing on a motion to disclose the informant's identity (*People* v. *Alderrou* (1987) 191 Cal.App.3d 1074, 1079-1080 [236 Cal.Rptr. 740]), we conclude the CI's in camera testimony was essential in this case because defendant had established the CI was an eyewitness to the alleged drug transaction. Officer Ramos's testimony was insufficient to demonstrate that the CI could not give material testimony tending to exonerate defendant. The materiality of the CI's possible testimony cannot be determined by a peace officer's characterization of the eyewitness CI's knowledge of the incident and the CI's reliability and credibility. (Cf. *People* v. *Lee* (1985) 164 Cal.App.3d 830, 840 [210 Cal.Rptr. 799].)

Due to the absence of in camera testimony by the CI, the trial court had no meaningful way to determine whether there was a reasonable possibility the CI could give evidence favorable to the defendant on the crime charged. Accordingly, we must reverse the judgment and remand the matter for further in camera proceedings.

## DISPOSITION

The judgment is reversed. The matter is remanded for further in camera proceedings pursuant to Evidence Code section 1042, subdivision (d). If, after receiving the CI's testimony and any additional evidence presented by

the prosecution, the trial court finds no reasonable possibility that nondisclosure of the confidential informant's identity would deprive defendant of a fair trial, it shall reinstate the judgment.

Puglia, P. J., and Sparks, J., concurred.