Filed 9/16/24  P. v. Pendergrass CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>SHAWNIE PENDERGRASS,<br><br>　　Defendant and Appellant. | F086871<br><br>(Super. Ct. No. BF188344A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Monica McMillan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Clara M. Levers and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

Shawnie Pendergrass (appellant) pleaded no contest as charged to possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) with an enhancement for possession of more than 28.5 grams of methamphetamine (former Pen. Code, § 1203.073, subd. (b)(2)),[1] misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364; count 3). She was placed on three years of felony probation and ordered to serve 180 days in county jail.

On appeal, we agree with appellant's claim that the section 1203.073, subdivision (b)(2) enhancement must be stricken because the section was repealed prior to appellant's plea. We also agree that appellant's probation term must be reduced from three years to two years in light of section 1203.1, subdivision (a), which was amended prior to appellant's plea. However, we conclude the trial court did not err in denying appellant's motion to disclose the identity of a confidential informant and motion to quash the search warrant and suppress evidence. In all other respects, we affirm.

## FACTUAL BACKGROUND

The following factual summary is drawn from the preliminary hearing transcript. Officers executed a search warrant at appellant's thrift store. Appellant was the only person inside when the search warrant was executed. While searching the building, officers located 209 grams of methamphetamine, packaging materials, a digital scale, $600 in cash, and a glass smoking pipe.

During a law enforcement interview, appellant stated she purchased the methamphetamine that day. She described the amount of methamphetamine and where it was located inside of the store. She admitted it was convenient for her to sell methamphetamine because she also smoked it. She usually sold "dimes and 20s."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

An officer opined the methamphetamine was possessed for the purposes of sales given the large quantity, the cash and packaging materials, and appellant's statement.

## PROCEDURAL BACKGROUND

Prior to trial, the trial court gave an indicated sentence of felony probation with 180 days in county jail. The court did not specify the length of the probation term. The People objected to the indicated sentence, noting their offer was a three-year split sentence with one year to be served in local custody and two years under mandatory supervision.

Appellant pleaded no contest as charged in the amended information. At sentencing, the trial court placed appellant on three years of felony probation and ordered her to serve 180 days in county jail. The court noted that due to appellant's former section 1203.073, subdivision (b)(2) enhancement she would ordinarily be ineligible for probation but found this was an unusual case where a grant of probation would best serve the interests of justice. (§ 1203.073, subd. (a).)

## DISCUSSION

I.      **Appellant's Former Section 1203.073, Subdivision (b)(2) Weight Enhancement is Unauthorized Because the Section has Been Repealed. We Order the Enhancement Stricken.**

Appellant contends her former section 1203.073, subdivision (b)(2) enhancement is unauthorized because the section was repealed prior to her plea. The parties agree, as do we, that the enhancement must be stricken.

Prior to its repeal, former section 1203.073, subdivision (b)(2), provided, in pertinent part, that a person convicted of Health and Safety Code section 11378 and found to have possessed for sale more than 28.5 grams of methamphetamine could not be granted probation except "in an unusual case where the interests of justice would best be served." (Former § 1203.073, subd. (a).)

3.

Effective January 1, 2022, Senate Bill No. 73 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 537, § 4) repealed section 1203.073. Appellant entered her plea on July 12, 2023, well after section 1203.073 was repealed. Thus, the section 1203.073, subdivision (b)(2) weight enhancement is unauthorized because it could not have been lawfully imposed. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) We order the enhancement stricken.

**II.**   **Appellant's Three-Year Felony Probation Term is Unauthorized. We Modify the Judgment to Reflect the Correct Probationary Term of Two Years in Accordance With Section 1203.1, Subdivision (a).**

Appellant claims the trial court erred in imposing a felony probation term of three years because section 1203.1, subdivision (a), limits felony probation terms to two years for most offenses. Respondent concedes, and we agree.

Effective January 1, 2021, Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, § 2) amended section 1203.1, subdivision (a), reducing the maximum length of probation for most felonies to two years. The only exceptions to this two-year limit are violent felonies as defined in section 667.5, subdivision (c), offenses that include "specific probation lengths within [their] provisions," and certain theft or financial crimes if the property taken exceeds $25,000. (§ 1203.1, subd. (*l*)(1) & (2).)

While the parties agree that the three-year probation term is illegal under section 1203.1, subdivision (a), their positions differ as to the appropriate remedy. Respondent argues the matter must be remanded "for the People to either accept a reduced probation term or withdraw from the plea agreement and proceed to trial." But there was no negotiated plea agreement here—appellant pleaded no contest as charged after the trial court gave an indicated sentence. We need not remand the matter to give the People the option to withdraw from a plea agreement it never entered. In any event, even assuming appellant's grant of probation was the product of a plea agreement with the prosecution, our high court has held that the reduction of a probationary term from three to two years pursuant to amended section 1203.1, subdivision (a), "would not so

4.

'fundamentally alter[] the character of the bargain' that the People should have an opportunity to withdraw from the plea agreement." (*People v. Prudholme* (2023) 14 Cal.5th 961, 978.) We therefore agree with appellant that the proper remedy is modification of the judgment to reflect the correct probationary term of two years.

**III.     The Trial Court did not Abuse its Discretion in Denying Appellant's Motion to Reveal the Identity of a Confidential Informant.**

The search warrant for appellant's store was based on information provided by a confidential informant. Prior to entry of plea, appellant filed a motion to reveal the identity of the confidential informant on the ground that the informant is a material witness. In support of the motion, defense counsel filed a declaration under seal for the trial court's review. After conducting an in camera hearing with the prosecution and the search warrant affiant, the trial court denied the motion.

Appellant requests that this court review the sealed declaration and the sealed transcript of the in camera hearing to determine whether the trial court erred in denying the motion. Respondent does not object to this procedure. Having conducted an independent review of the record, we conclude no abuse of discretion occurred.

**A.     Background.**

The search warrant affiant was an officer working with the Kern County—High Intensity Drug Trafficking Area task force (KC-HIDTA). After describing his training and experience in the investigation of drug offenses, the officer set forth the following statement of facts:

> "I am conducting an investigation on [appellant] for methamphetamine sales. Within the last 30 days, I received information from a CI (confidential informant) hereafter referred to as 'X,' stating [appellant] was selling methamphetamine from her place of business ….
>
> "X informed me [appellant] drove a white Dodge passenger van. I conducted physical surveillance at [appellant's business] and saw a white Dodge van …. I conducted a record's check of the van and determined it was registered to [appellant].

"I showed X a prior booking picture of [appellant]. X identified the target as [appellant] who is involved in the sales of methamphetamine.

"In that same 10 day period, members from the KC-HIDTA Unit met with X at a prearranged location for the purpose of conducting a controlled purchase of methamphetamine from [appellant]. I supplied X with county funds to complete the purchase. I directed X to meet with [appellant] and conduct the narcotics transaction.

"KC-HIDTA members and I kept surveillance on X until X entered [appellant's business]. When the transaction was completed, X was kept under constant surveillance until X made it back to the predetermined location. At the predetermined location, X gave me a baggie containing suspected methamphetamine. I examined the baggie and its contents. I formed the opinion, based on my training and experience, the substance in my possession was methamphetamine….

"Based on the information provided by X, the successful controlled purchase of methamphetamine, and the surveillance conducted on the target, I believe [appellant] is currently involved in the sales of methamphetamine."

In her written motion, appellant stated she believes the confidential informant "is a material witness in this matter and would likely be called as a defense witness at trial." In support of the motion, defense counsel filed a declaration under seal explaining the potential relevance of the informant's testimony.

The trial court held a hearing on the motion and granted the People's request to conduct an in camera hearing with the officer who authored the search warrant and affidavit. (See Evid. Code, § 1042, subd. (d).) After the in camera hearing, the trial court denied the motion.

## B. Standard of Review.

A public entity has a privilege to refuse to disclose the identity of an informant if "preserving the confidentiality of his or her identity outweighs the necessity for disclosure in the interest of justice." (Evid. Code, § 1041, subd. (a)(2); see *People v. Ruiz* (1992) 9 Cal.App.4th 1485, 1488.) Where a criminal defendant demands disclosure on

the ground that the informant is a material witness, the court must hold a hearing at which all parties can present evidence. (Evid. Code, § 1042, subd. (d).) If the prosecution invokes the privilege against disclosure, it may request an in camera hearing, and the trial court must grant the request. (*Ibid.*)

At the conclusion of the hearing, the trial court must order disclosure if it concludes the confidential informant is a material witness. (*People v. Lawley* (2002) 27 Cal.4th 102, 159.) "An informant is a material witness if there appears, from the evidence presented, a reasonable possibility that he or she could give evidence on the issue of guilt that might exonerate the defendant." (*Ibid*.)

We review the trial court's ruling on a motion to disclose the identity of a confidential informant for an abuse of discretion. (*Davis v. Superior Court* (2010) 186 Cal.App.4th 1272, 1277.) "Under the abuse of discretion standard, 'a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004.)

### C.      No abuse of discretion occurred.

We have reviewed the sealed transcript of the in camera hearing and the declaration of defense counsel filed under seal. We find that the record reveals no reasonable possibility that the confidential informant could have provided evidence that might have exonerated appellant. (See *People v. Lawley*, *supra*, 27 Cal.4th at p. 159.) We therefore conclude the trial court did not abuse its discretion in denying appellant's motion.

### IV.     The Trial Court did not Err in Denying Appellant's Motion to Quash the Search Warrant.

After the trial court denied the motion to disclose the identity of the confidential informant, appellant filed a motion to quash and suppress evidence pursuant to section 1538.5, alleging the search warrant was not supported by probable cause. The

7.

trial court denied the motion, finding there was a substantial basis for the issuing magistrate's probable cause determination. Appellant contends this was error, arguing the confidential informant's statements were too conclusory to establish appellant was selling methamphetamine. We conclude the search warrant affidavit was sufficient to establish probable cause.

### A.    Standard of review.

A motion to quash a search warrant is an assertion that the warrant on its face lacks probable cause. (*People v. Hobbs* (1994) 7 Cal.4th 948, 975; § 1538.5, subd. (a)(1)(B)(i).) The probable cause showing must appear in the affidavit offered in support of the warrant. (*People v. Carrington* (2009) 47 Cal.4th 145, 161.) A search warrant is supported by probable cause when, based on the totality of the circumstances described in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 238.) In other words, " 'the facts contained in the affidavit are such as would lead a man of ordinary caution or prudence to believe, and conscientiously to entertain, a strong suspicion of the guilt of the accused.' " (*People v. Kraft* (2000) 23 Cal.4th 978, 1041.)

In reviewing the denial of a motion to quash a search warrant, we consider whether the issuing magistrate " 'had a substantial basis for concluding a fair probability existed that a search would uncover wrongdoing.' " (*People v. Carrington*, *supra*, 47 Cal.4th 145, 161.) "The magistrate's determination of probable cause is entitled to deferential review." (*Ibid.*) "Doubtful or marginal cases are resolved in favor of upholding the warrant." (*Fenwick & West v. Superior Court* (1996) 43 Cal.App.4th 1272, 1278.)

### B.    The search warrant was supported by probable cause.

Appellant alleges the confidential informant's initial statement to law enforcement that appellant was selling methamphetamine from her place of business was insufficient

to establish probable cause because it was unsupported by any of the underlying circumstances on which the informant's belief was based. But the search warrant affidavit made clear that after receiving this information, law enforcement conducted a controlled buy and corroborated the informant's claim. A magistrate's probable cause determination is based on "all of the circumstances set forth in the affidavit." (*Illinois v. Gates*, *supra*, 462 U.S. at p. 238.) It is irrelevant whether the informant's initial statement, standing alone, would have established probable cause.

Next, appellant argues the affidavit left open the possibility the informant purchased methamphetamine from someone other than appellant. The affidavit states that prior to the controlled buy, the informant was provided with county funds, and was surveilled by law enforcement until he or she entered appellant's business. After the purchase of methamphetamine was completed and the informant exited appellant's business, the informant was surveilled until he or she went to a predetermined location where the informant "gave [the officer] a baggie containing suspected methamphetamine." According to appellant, this was insufficient to establish probable cause because the affidavit did not specify whether the informant told the officer he or she purchased the methamphetamine *from appellant*.

We are not persuaded. Appellant was the clear target of the law enforcement investigation. The informant told the officer that appellant was selling methamphetamine "from her place of business," the officer showed the informant a photograph of appellant to confirm her identity, and officers conducted the controlled buy at appellant's place of business. The affidavit states the informant was directed "to meet with [appellant] and conduct the narcotics transaction." " '[A]ffidavits for search warrants must be tested and interpreted in a common sense and realistic, rather than a hypertechnical, manner.' " (*People v. Amador* (2000) 24 Cal.4th 387, 393.) Thus, it was reasonable for the magistrate to infer that the informant purchased methamphetamine from appellant during the controlled buy.

Finally, appellant claims the affidavit did not support a finding of probable cause because it did not include any assertions regarding the veracity or reliability of the informant, such as whether the informant has provided reliable information in the past. However, as we explained above, the officer did not merely rely on the information provided by the informant. Instead, law enforcement conducted a controlled buy to independently confirm that appellant was selling methamphetamine. This was more than sufficient to establish probable cause.

Based on our review of the search warrant and the supporting affidavit, we conclude there was a substantial basis for the issuing magistrate's probable cause determination.[2] (*People v. Carrington*, *supra*, 47 Cal.4th 145, 161.) Accordingly, the trial court did not err in denying appellant's motion to quash, and this claim lacks merit.

## DISPOSITION

The judgment is modified to reduce the length of appellant's probation to two years. The former section 1203.073, subdivision (b)(2) enhancement is stricken. The trial court is directed to issue an amended minute order and forward a copy to the appropriate entities. In all other respects, the judgment is affirmed.

---

[2] We need not address respondent's alternative argument that the exclusionary rule is inapplicable because law enforcement relied on the magistrate's issuance of the search warrant in objective good faith. (See *United States v. Leon* (1984) 468 U.S. 897, 920–921.)