[Crim. No. 17427. In Bank. May 20, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD POLACIOUS BORUNDA, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellants.

Richard S. Buckley, Public Defender, Harold E. Shabo, Michael P. Judge and Richard A. Curtis, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**SULLIVAN, J.**—Defendant Richard Polacious Borunda was charged by information with possession of heroin. (Health & Saf. Code, § 11500.) His motion to discover the identity of an informant on the ground that he was a material witness on the issue of guilt was granted, and when the People refused disclosure the court ordered the case dismissed. (Pen. Code, § 1385.) The People appeal from the order of dismissal. (Pen. Code, § 1238, subd. (a)(8).)

In August of 1972 a Los Angeles police officer assigned to the narcotics unit received information that two male Mexicans were selling heroin at a specified apartment. On August 22 the officer proceeded to stake out the apartment, and about 8:30 in the evening he observed defendant emerge from the apartment and walk a short distance down the road, where he met a male Mexican and appeared to exchange some items with him before returning to the apartment.

Later that evening an untested informant told the officer that he had

purchased heroin from "Mr. Richard" at the apartment on several occasions and had seen the same person packaging heroin there. The officer at this time searched the informant, gave him $25 in currency (whose serial numbers he had first recorded), and directed him to attempt to purchase as much narcotics as he could at the apartment for that amount of money. While the officer watched with binoculars from a distance of 500 feet, the informant went to the apartment, entered, remained inside for a few minutes, and then left. He then returned to the officer, who after searching him again found that he no longer had the money but that he did have a small *red* balloon containing heroin.

At this point the officer and two other members of the narcotics unit approached the apartment. The officer knocked on the door, identified himself, announced his purpose to arrest defendant for the sale of heroin, and demanded admittance. There was no response, but the officer according to his testimony saw defendant—through an adjacent open patio door —get up from his seat in the living room and run toward the rear of the apartment. The officer immediately forced entry and went to the rear of the apartment where he found defendant in the bathroom. The toilet had been flushed and, again according to the officer's testimony, there were several colored balloons swirling in the bowl and about to disappear. He reached into the bowl and was able to retrieve a plastic bag containing a *green* balloon containing heroin. This was the only evidence introduced against defendant.

In the course of a combined hearing on defendant's motions to suppress pursuant to Penal Code section 1538.5 and to discover the identity of the untested informant, defendant's sister, who was also in the apartment at the time of the arrest, gave a version of the subject events which differed materially from that of the officer. Relative to the section 1538.5 motion she testified that immediately upon announcing his purpose the officer made a forcible entry and that defendant did not then run from the living room to the rear of the apartment because he was already at that time at the rear of the apartment in the bedroom or the bathroom. Furthermore, she testified, when the officer emerged from the bathroom he was holding an *empty* plastic bag and saying: "The son of a bitch, the son of a bitch, he downed it."

The trial court denied the section 1538.5 motion on the ground that the question of defendant's location and conduct immediately preceding the entry was one of credibility. However, the court granted the motion to compel disclosure of the identity of the untested informant on the ground that he might be a material witness on the issue of guilt. When the prosecution refused to make the indicated disclosure, the trial court dismissed

the action in the interests of justice pursuant to Penal Code section 1385. The People appeal from the order of dismissal. (See Pen. Code, § 1238, subd. (a)(8).)

█ "It is well settled that California does not require disclosure of the identity of an informant who has supplied probable cause for the issuance of a search warrant where disclosure is sought merely to aid in attacking probable cause. (*People* v. *Keener* (1961) 55 Cal.2d 714, 723 [12 Cal. Rptr. 859, 361 P.2d 587]; see also *McCray* v. *Illinois* (1967) 386 U.S. 300 [18 L.Ed.2d 62, 87 S.Ct. 1056].) █ It is equally well settled that when the defendant makes an adequate showing that the informer may be a material witness on the issue of guilt or innocence, disclosure should be compelled or the case dismissed. (*Price* v. *Superior Court* (1970) 1 Cal.3d 836 [83 Cal.Rptr. 369, 463 P.2d 721]; *Honore* v. *Superior Court* (1969) 70 Cal.2d 162 [74 Cal.Rptr. 233, 449 P.2d 169]; *People* v. *Garcia* (1967) 67 Cal.2d 830 [64 Cal.Rptr. 110, 434 P.2d 366]; *People* v. *McShann* (1958) 50 Cal.2d 802 [330 P.2d 33]; see also *Roviaro* v. *United States* (1957) 353 U.S. 53 [1 L.Ed.2d 639, 77 S.Ct. 623].)" (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 88 [104 Cal.Rptr. 226, 501 P.2d 234].) █ "[A] defendant seeking to discover the identity of an informant bears the burden of demonstrating that, 'in view of the evidence, the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' [Citations.] That burden is discharged, however, when defendant demonstrates *a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration.*" (*People* v. *Garcia* (1967) 67 Cal.2d 830, 839-840 [64 Cal.Rptr. 110, 434 P.2d 366], italics added, fn. omitted.)

In the instant case defendant on his motion for discovery sought to demonstrate the indicated possibility on two theories. The first of these was based on the conflict between the testimony of the arresting officer and that of defendant's sister as to whether or not any heroin was actually recovered from the toilet bowl at the time of the arrest. The informant, it was urged, might well give evidence bearing upon this conflict by testifying relative to his dealings with the officer on the evening of August 22. If, for example, he should testify that the balloon of heroin which he delivered to the officer after visiting defendant's apartment was *green* rather than *red* as the officer claimed,[1] the jury might be led to conclude that the officer had in fact

---

[1] The red balloon was never produced in court or offered into evidence, in spite of the trial court's observation that it might be material.

recovered no heroin at the apartment and had offered as evidence against defendant the heroin with which the informant had provided him.[2]

The second theory advanced by defendant was that the informant, by testifying as to whom he had dealt with in the apartment, might give evidence in support of a contention that defendant's possession of the heroin was only momentary and transitory. (See *People* v. *Mijares* (1971) 6 Cal. 3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115].)

■■ The trial court, granting defendant's motion for discovery, relied upon the first of the aforementioned theories.[3] We have concluded that the motion was properly granted on this basis, and that upon the prosecution's refusal to comply with the order requiring disclosure of the informant's identity, the action was properly dismissed.

The principal argument advanced by the People on their appeal is that the informant could not have been a material witness on the issue of guilt because he was not present in defendant's apartment when the arrest was made. Whatever the informant might relate concerning events prior to the officer's entry, the People urge, "the fact remains that it was Mr. Borunda who was apprehended in the process of flushing the heroin down the toilet." What this argument fails to appreciate, however, is that even if we accept the officer's testimony to the effect that defendant was alone in the bathroom flushing the toilet when he was apprehended, he could be found guilty of the offense charged only if the substance he was flushing down the toilet was in fact heroin. The trial court found, and we agree, that defendant has demonstrated a reasonable possibility that the informer might be a material witness on that crucial issue. Surely if the informant were to testify that the balloon which he delivered to the officer was *green* in color the jury might reasonably believe the testimony of defendant's

---

[2]Defendant was never charged with *sale* of heroin (Health & Saf. Code, § 11501)—apparently because the informant would clearly have had to be produced as a witness in order to sustain such a charge.

[3]As an alternate ground of its decision the trial court held that the prosecution had waived the right to withhold the identity of the informant because in the course of the preliminary examination the officer, when asked the name of the informant, had failed to invoke the privilege against nondisclosure (Evid. Code, § 1041), and had stated the name. The defendant concedes, however, and we agree, that at least in the circumstances of this case (where the disclosure seems to have been somewhat inadvertent) the mere mention of the informant's name does not cast upon the prosecution the full burden of disclosure and investigation which we have delineated in *Eleazer* v. *Superior Court* (1970) 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42].

sister rather than that of the officer and accordingly acquit defendant of the offense charged.[4]

■ The People also argue that the case should be returned to the trial court for redetermination because that court in announcing its decision betrayed a misunderstanding of the applicable law when it stated that "disclosure has to be made at any time when the informant might be material, *regardless of whether it helps the defendant or does not help him.*" (Italics added.) Our review of the whole record, however, convinces us that the court fully understood and applied the correct law. The above language, considered in context, simply indicates that the inquiry on a motion for disclosure is the sufficiency of the defendant's showing that the informant *might* aid him on the issue of guilt—and that the trial court is not properly concerned on such a motion with whether whatever evidence is ultimately produced following disclosure will in fact turn out to favor the defendant. This is so, of course, because until the evidence is produced no one can know its actual content. Moreover, even if the record demonstrated a misunderstanding of the law on this point by the trial court, a remand for redetermination would be inappropriate in this case. The cases cited by the People (*People* v. *Kanos* (1969) 70 Cal.2d 381, 385 [74 Cal.Rptr. 902, 450 P.2d 278]; *People* v. *Henry* (1967) 65 Cal.2d 842, 846 [56 Cal.Rptr. 485, 423 P.2d 557]) involve situations wherein the trial court has failed to make a relevant *factual* finding. The determination here involved is one of law, namely whether the defendant has demonstrated "a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration" (*People* v. *Garcia, supra,* 67 Cal.2d 830, 840) by the trier of fact at trial.

In this case the court, after dismissing pursuant to Penal Code section 1385 following the prosecution's refusal to disclose, turned to the defendant and said: "You won't always be that lucky." These words, viewed in the context of the decision reached by the court, manifest a conviction on its part that although an evenhanded application of wise legal rules and principles may sometimes result in the exoneration of those guilty of crime, the benefits which accrue to society from such uniform impartiality far outweigh the damage caused by an occasional aberration. We concur

---

[4]The case of *People* v. *Goliday* (1973) 8 Cal.3d 771 [106 Cal.Rptr. 113, 505 P.2d 537], relied upon by the People, is clearly inapposite. In that case there was no suggestion that the narcotics introduced against defendant had been "planted" by anyone else, "and the defense offered no other explanation for the presence of the narcotics." (8 Cal.3d at p. 783.)

in the court's assessment, even as we approve of its correct application of the controlling legal rules.

The order of dismissal is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Clark, J., concurred.