[No. B216345. Second Dist., Div. Three. July 22, 2010.]

ADOLFO DAVIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Nga TuMendoza and Karen Nash, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, Patrick D. Moran, Shirley S. N. Sun and Roberta Schwartz, Deputy District Attorneys, for Real Party in Interest.

OPINION

ALDRICH, J.—

## INTRODUCTION

Petitioner Adolfo Davis was charged with the attempted murder of David Ochoa, who, along with other witnesses, identified Davis as the man who shot him. A confidential informant also told police officers that he saw Davis shoot Ochoa. When Davis filed a motion to obtain the name of that informant and percipient witness, the trial court denied it. Davis petitioned this court for a writ of mandate[1] and argued that disclosure was mandatory. We disagree that disclosure of the confidential informant's identity was mandatory simply because the informant was also a percipient witness, but we agree that an in camera hearing should be held. We therefore grant the petition for a writ of mandate and order the trial court to hold an in camera hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. *Factual background.*[2]

On June 18, 2008, David Ochoa was walking with Farid Moran (Farid) and Shearid Moran (Shearid), Anthony Mendoza, and Cynthia Bravo. They saw a

---

[1] We initially denied the petition. Davis petitioned for review and the California Supreme Court, on September 9, 2009, granted the petition and transferred the matter to this court "with directions to vacate [our] order denying mandate and to issue an alternative writ to be heard before that court when the proceeding is ordered on calendar." On September 29, 2009, we issued an order to show cause and calendared the matter. Davis filed another petition for writ of mandate in the Supreme Court, which was granted, again directing us to issue an alternative writ, which we then issued.

[2] The facts are from the preliminary hearing.

group of about eight Hispanic men. Ochoa recognized " 'Alan.' "[3] Another man asked Ochoa if he gang banged. The man had a mustache and goatee and a tattoo like a bar going down the right side of his neck. The tattoo was black with spots in it. Ochoa said he did not gang bang, but the man said " 'Bay' " and shot Ochoa[4] with a small silver gun he withdrew from his pocket or waistband.[5] The shooter ran toward some railroad tracks, while the other people in his group got into a car and left.[6]

Farid described the shooter as "light" and bald with a mustache. From a photographic lineup, Farid identified Davis as the shooter, although she could not identify him at the hearing because he looked different than he did at the time of the shooting. Farid told the police that one of her cousins saw a tattoo on the shooter. Bravo and Shearid testified that they did not get a good look at the shooter's face, but they agreed he was bald. Both witnesses identified Davis from photographic lineups, but neither made a positive identification of him at the preliminary hearing.

Mendoza said the shooter was bald with a little facial hair, that is, a little hair on his chin. From where he was standing, he did not see any tattoos on the shooter. Both Ochoa and Mendoza identified Davis as the shooter at the preliminary hearing.

## II. *Procedural background.*

Davis was charged with attempted murder and with a gun-use enhancement. (Pen. Code, §§ 187, subd. (a), 664, 12022.53, subds. (b), (c) & (d).) Three counts for assault with a firearm were later alleged.

Because the prosecution refused to disclose the name of a witness who identified him as the shooter, Davis moved for disclosure of the informant's identity. He argued that the informant was a material witness because he was an eyewitness to the alleged events. The People opposed the motion. The trial court denied the motion "based upon the fact that there is independent I.D. of the defendant outside of any information from the informant by multiple

---

[3] In an interview with police, Ochoa said that Alan was a " 'Bay 13' " gang member known as " 'Flaco.' " Alan associated with " 'SNR' " gang members at school and Ochoa admitted that he too associated with SNR members.

[4] Ochoa had three gunshot wounds.

[5] Farid said the man withdrew the gun with his right hand, while Shearid and Mendoza said he took it from his pocket or waistband with his left hand.

[6] Shearid did not see the other men get into a car.

parties. [¶] And the court does not find any *Brady* issues . . . which would necessitate the disclosure."[7]

Davis then filed a petition for a writ of mandate in this court and, on January 12, 2010, we issued an alternative writ of mandate to the superior court directing it to change its order or to show cause in this court. The superior court declined to comply with the alternative writ.

## DISCUSSION

*Disclosure of a confidential informant and percipient witness's identity.*

Six days after Ochoa was shot, a confidential informant told the police he saw Davis shoot Ochoa. The informant gave specific details about the shooting. He or she said that Davis's moniker was " 'Hit Man' " and that Davis was from " 'Bay.' " The informant took officers to Davis's home and pointed him out, at which time Davis was arrested. After he was arrested, Davis denied being in the area where the shooting occurred and denied being the shooter. Davis's neck was not tattooed, but when he was arrested he had " 'hickies' " on his neck. No guns were found in his home. The prosecution indicated it did not intend to call the confidential informant to testify at trial, but the defense nonetheless sought disclosure of the informant's identity.

 Davis contends that because the confidential informant was also a percipient witness to the crime, disclosure of his or her identity was mandatory. We disagree. Under Evidence Code section 1041, subdivision (a), a public entity has a privilege to refuse to disclose the identity of a person who has furnished information purporting to disclose a violation of a law. The prosecution, however, "must disclose the name of an informant who is a material witness in a criminal case or suffer dismissal of the charges against the defendant. [Citation.]" (*People v. Lawley* (2002) 27 Cal.4th 102, 159 [115 Cal.Rptr.2d 614, 38 P.3d 461] (*Lawley*).) "An informant is a material witness if there appears, from the evidence presented, a reasonable possibility that he or she could give evidence on the issue of guilt that might exonerate the defendant," on which issue the defendant has the burden of producing "some" evidence. (*Ibid.*; see also *People v. Borunda* (1974) 11 Cal.3d 523, 527 [113 Cal.Rptr. 825, 522 P.2d 1]; *People v. Luera* (2001) 86 Cal.App.4th 513, 526 [103 Cal.Rptr.2d 438] [defendant's showing must rise above the level of sheer or unreasonable speculation and reach at least the low plateau of reasonable possibility].) The defendant must show that the informant was in a position to perceive " 'the commission or the immediate antecedents of the

---

[7] Before the preliminary hearing, Davis made an initial disclosure motion in front of a magistrate, which was denied. That motion is not at issue on this writ.

alleged crime.' " (*People v. Fried* (1989) 214 Cal.App.3d 1309, 1315 [263 Cal.Rptr. 237].) We review the trial court's ruling concerning the disclosure of the identity of a confidential informant under the abuse of discretion standard. (*People v. Hobbs* (1994) 7 Cal.4th 948, 976 [30 Cal.Rptr.2d 651, 873 P.2d 1246].)

■ These authorities do not support Davis's argument that disclosure is mandatory where, as here, the confidential informant is a percipient witness.[8] Rather, disclosure occurs only if the defendant makes an adequate showing that the informant can give exculpatory evidence. What is known here is merely that the confidential informant claimed to have seen Davis shoot Ochoa and led the police to Davis's home. The defense is mistaken identity, and there is a dispute whether the shooter had a tattooed neck. Whether the confidential informant can give any evidence on mistaken identity and Davis's guilt that might exonerate him has not been established. Davis thus may be entitled to the opportunity to make such a showing at an in camera hearing, but he is not, at this stage in the proceedings, entitled to automatic disclosure. Rather, the balance between the public interest in protecting the flow of information to law enforcement officers and Davis's right to prepare his defense is struck by having an in camera hearing prior to any disclosure.

■ The Evidence Code strikes this balance. When a party demands disclosure of an informant's identity, the court shall conduct a hearing at which parties may present evidence on the issue of disclosure. (Evid. Code, § 1042, subd. (d).) That section also provides in part: "During the hearing, if the privilege provided for in [Evidence Code] [s]ection 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing. If such a request is made, the court shall hold such a hearing *outside the presence of the defendant and his counsel.* At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial." (Evid. Code, § 1042, subd. (d), italics added.) ■ The confidential informant's presence is not required at the in camera hearing. (*People v. Alderrou* (1987) 191

---

[8] Davis cites *Williams v. Superior Court* (1974) 38 Cal.App.3d 412, 420 [112 Cal.Rptr. 485], in which the court stated that "[w]here the evidence indicates that the informer was an actual participant in the crime alleged, or was a nonparticipating eyewitness to that offense, ipso facto it is held he would be a material witness on the issue of guilt and nondisclosure would deprive the defendant of a fair trial." To the extent that *Williams,* a Court of Appeal case decided almost 30 years before *Lawley,* suggests that all confidential informants who are percipient witnesses to the crime are ipso facto material witnesses who must be disclosed, that is not what *Lawley* states.

Cal.App.3d 1074, 1078–1079 [236 Cal.Rptr. 740]; accord, *People v. Fried, supra,* 214 Cal.App.3d 1309.) Instead, "the Legislature clearly anticipated there would be situations where the informant's identity was not revealed to the judge but where others would supply information perhaps about his relationship to the defendant or to the criminal transaction or to the premises involved which, if known to the defendant, might only tend to suggest the informant's identity." (*Alderrou,* at p. 1079, fn. omitted.) Thus, in *Fried,* only a detective was present and testified about the confidential informant's relationship to the case. (*Fried,* at pp. 1312–1313.) *Fried* found that this procedure was proper and that the confidential informant need not be present at the in camera hearing.

We agree with *Alderrou* and *Fried.* Therefore, although we leave the manner in which the in camera hearing is to be conducted to the trial court, we direct the court to take all precautions to protect the identity of the confidential informant.

## DISPOSITION

The petition for writ of mandate is granted. The superior court is directed to hold an in camera hearing in accordance with this opinion.

Croskey, Acting P. J., and Kitching, J., concurred.

A petition for a rehearing was denied August 23, 2010, and petitioner's petition for review by the Supreme Court was denied November 17, 2010, S185994. Werdegar, J., was of the opinion that the petition should be granted.