Filed 11/15/24  P. v. Warda CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PETER JAMES WARDA,<br><br>    Defendant and Appellant. | F084533<br><br>(Super. Ct. No. 1465697)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen and Robert B. Westbrook, Judges.

Jennifer Mouzis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberly A. Donohue, and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Defendant and appellant Peter James Warda was located inside an automobile shop that was the subject of a search warrant related to a homicide investigation and probation search. Modesto Police Department Sergeant Sean Martin had been by the shop several times, knew Warda was associated with the automobile shop and knew he was on searchable probation. During the search of the shop, officers recovered a revolver, a bag of cocaine, cash, and a digital scale. Warda was arrested and charged with felonies related to the evidence discovered.

Before trial, Warda filed a motion to discover the identity and location of any informant who might have provided information for the search warrant to determine whether it was material to his defense. The court set the hearing on calendar as a *Hobbs*[1] motion. On the date of the hearing, the court held that any motion pursuant to *Hobbs* was denied and the matter was set out for a hearing related to discovery of information regarding any informant. After reviewing the sealed affidavit in camera, the court informed Warda there was nothing discoverable in the affidavit.

On appeal, defendant claims the court erred when it denied his *Hobbs* motion. Alternatively, he claims his counsel provided ineffective representation by conceding that because he was on probation, he was not entitled to traverse or challenge the warrant under *Hobbs*. The People argue the motion was not a *Hobbs* motion, that this claim is forfeited, but that even so, the search was valid based on Warda's searchable probation status. The People also respond that Warda's ineffective assistance of counsel claims fail for lack of prejudice. We agree with the People and affirm the judgment.

---

[1] *People v. Hobbs* (1994) 7 Cal.4th 948.

2.

## PROCEDURAL BACKGROUND

On January 13, 2014, Warda was charged with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1);[2] count I), possession of a controlled substance, cocaine, while in the immediate possession of a firearm (Health & Saf. Code, § 11370.1, subd. (a); count II), possession for sale of a controlled substance, cocaine, for sale (Health & Saf. Code, § 11351; count III), possession of concentrated cannabis for sale (Health & Saf. Code, § 11359; count IV), possession of a controlled substance, hydrocodone (Health & Saf. Code, § 11350, subd. (a), count V); and maintaining a place for selling controlled substances (Health & Saf. Code, § 11366; count VI).

On September 15, 2016, the court held a hearing for Warda's motion to disclose the identity and whereabouts of informant or, alternatively, to dismiss the case. The motion was calendared as a *Hobbs* motion. The court formally denied any discovery under *Hobbs* and continued the hearing for a *Brady*[3] and *Davis*[4] discovery motion.

On September 28, 2016, Warda requested a *Marsden*[5] hearing. The court denied Warda's *Marsden* motion to replace his court-appointed attorney Matthew Yeoman but gave Warda time to hire a new attorney. The court also set a hearing out for one week to disclose if it found anything exculpatory in the sealed search warrant affidavit. On October 6, 2016, the defense sought an unopposed continuance for further investigation. On December 5, 2016, the defense requested a continuance, and the case was continued to February 7, 2017.

On February 7, 2017, privately retained counsel Robert Forkner was substituted for Yeoman. On February 13, 2018, the first preliminary hearing began. During the

---

[2]    Hereinafter, all undesignated statutory references are to the Penal Code.

[3]    *Brady v. Maryland* (1963) 373 U.S. 83.

[4]    *Davis v. Superior Court* (2010) 186 Cal.App.4th 1272.

[5]    *People v. Marsden* (1970) 2 Cal.3d 118.

hearing, testimony by the lead detective revealed a possible conflict with attorney Forkner's continued representation of Warda.

On February 27, 2018, the court held the discovery hearing on the sealed warrant. The court reviewed the sealed warrant and shared that although Warda's name was mentioned in the warrant there was nothing exculpatory in the affidavit. The court explained that the warrant was sealed, not to protect a confidential informant, but due to the ongoing homicide investigation.

On July 9, 2018, attorney Forkner was relieved and privately retained counsel Alonzo Gradford was substituted as Warda's attorney of record.

On August 25, 2021, a second preliminary hearing was held. Warda was held to answer for counts I, II, and III. Counts IV, V and VI were dismissed for insufficient evidence.

On January 3, 2022, the jury trial began on the amended information which reduced count III to a misdemeanor in violation of Health and Safety Code section 11350, simple possession of a controlled substance, cocaine. On January 12, 2022, the jury found Warda guilty on all counts.

On June 10, 2022, Warda was sentenced, which included the sentence imposed in another case, No. CR19001497. The court sentenced Warda to an aggregate state prison term of 13 years eight months, as follows: (1) 12 years in case No. CR19001497, consisting of six years for voluntary manslaughter, plus four years for a firearm enhancement, plus two years for the on-bail enhancement; (2) one year eight months in the instant case, consisting of one year (one-third the middle term on count II) plus eight months (one-third the middle term on count I). Warda timely appealed.

## FACTUAL BACKGROUND

*Prosecution Evidence*

On March 28, 2013, around 4:30 p.m., Modesto Police Sergeant Sean Martin executed a search via search warrant at an automobile shop. Upon entering the building, Martin saw Warda and Adrian F. sitting on a couch inside the building. The inside lobby had been converted into a makeshift bedroom with two couches pushed together to make a bed. Adrian F. was completely naked and had a blanket wrapped around her. Warda and Adrian F. were escorted outside the building and taken into custody.

In the room where Warda and Adrian F. had been located, Sergeant Martin found a .22-caliber revolver which contained one spent round and four live rounds. Located near the firearm was a plastic bag containing a white powder, later identified as cocaine.

Warda explained to Sergeant Martin that he had been living at that location for approximately one week and had entered through a broken rear window. After being advised of his *Miranda*[6] rights, Warda told Martin that the marijuana plants inside the shop belonged to him. Martin also located a digital scale, two iPhones, $9,000 cash in the wall of the business and $365 cash in another area in the dealership.

Warda provided the password to his cellphone and Sergeant Martin retrieved text messages from the phone. A text message thread, sent on March 4, 2013, from Warda to an unknown recipient read: "[W]orth more than the revolv B." A second text thread on March 24, 2013, read, "[W]ant a revolver," and Warda replied, "[S]end me a pic." No photos of a revolver were located on Warda's cellphone.

Detective Randy Bolinger, an experienced narcotics officer, assisted in the search of the automobile shop and collected various items of evidence, including the digital scale. The detective also testified that the cocaine was a useable amount, and its street value in 2013 was approximately $40 per gram.

---

**6** *Miranda v. Arizona* (1966) 384 U.S. 436.

*Defense Evidence*

Adrian F. testified that, at the time of the search, she told the police that the firearm and cocaine belonged to Warda because she was afraid of being charged and losing custody of her child. During the trial, Adrian F. testified that the firearm and cocaine belonged to her. Adrian F. admitted that she was not the registered owner of the firearm.

Adrian F. claimed that she hid the firearm and cocaine in her underwear and that the firearm and cocaine fell to the floor when she went to get dressed in the bathroom. According to Adrian F., an officer kicked the firearm and the cocaine into the living room. Adrian F. said she filed a complaint the next day because the police made her leave the bathroom door open while she dressed saying they needed to watch her.

Warda testified that neither the firearm nor the cocaine belonged to him and that he was unaware these items were in the building. Warda said he never claimed ownership of either of the items when he was questioned by officers. On reviewing photographic evidence of the living area, Warda indicated that the firearm and cocaine were located a few feet from the couches when officers entered. Warda said that if he knew they were there he would have had time to hide them.

*Prosecution Rebuttal Evidence*

On rebuttal, Sergeant Martin testified that Adrian F. told him the revolver and the cocaine belonged to Warda. Adrian F. said that at one point she grabbed the revolver thinking it was a lighter and Warda told her not to use it. Warda told Adrian F. he had the firearm for protection. Martin related that when Adrian F. came out of the building, she was wrapped in a blanket, but fully nude and not wearing underwear. When officers entered the building, they located the revolver and bag of cocaine within one or two feet from the couches where Warda and Adrian F. had been sitting. Martin said he was unaware of any complaint allegedly filed by Adrian F. regarding this incident.

**DISCUSSION**

I.  THE COURT DID NOT ERR BY DENYING WARDA'S *HOBBS* MOTION

Warda claims it was error for the court to deny his *Hobbs* motion to unseal the warrant affidavit based on his status as a probationer.  The People argue that Warda never made the argument below to quash and traverse the warrant.  Rather, Warda only asked the trial court to reveal the identity of the confidential informant if the informant provided information that was material to his guilt or innocence.  As such, the People argue Warda forfeited this claim on appeal.  The People also contend that regardless, the search was valid based on his probation status.  We agree with the People and deny this claim.

A.  *Relevant Background*

On March 28, 2013, Sergeant Martin served a search warrant for the automobile shop.  Martin knew Warda was associated with that location and was on searchable probation.  The entire search warrant affidavit was sealed, including any information regarding evidence sought or particular individuals believed to be on the premises.

Sergeant Martin prepared a subsequent affidavit in support of *arrest* warrant for Warda, which was filed January 14, 2014.  In the affidavit, Martin states he obtained a search warrant for the automobile shop.  Martin states it was known to him that Warda was associated with the automobile shop.  Martin knew that Warda was on searchable probation for firearms and drugs.

1.  *Warda's Motion to Disclose the Identity and Present Whereabouts of the Informant*

On July 26, 2016, Warda filed a motion entitled, "motion to disclose [the] identity and present whereabouts of informant or, alternatively, to dismiss."  The moving papers relied on cases *Eleazer v. Superior Court* (1970) 1 Cal.3d 847, 851 and *People v. Borunda* (1974) 11 Cal.3d 523, 527 to argue that the "police must yield information regarding a confidential informant when the defense makes a showing that the informant might be material on the issue of guilt or innocence."  Defendant recognized that the

7.

defense must show "some evidence of a possibility" (*Price v. Superior Court* (1970) 1 Cal.3d 836, 843) or a "reasonable possibility that the anonymous informant … could give evidence on the issue of guilt which might result in defendant's exoneration" (*People v. Garcia* (1967) 67 Cal.2d 830, 840).

Warda's written motion was not entitled a *Hobbs* motion, it did not cite *Hobbs*, nor did it request the court to traverse or quash the search warrant.

2.   *The People's Opposition to the Motion to Disclose Identity and Present Whereabouts of the Informant*

On August 24, 2016, the People filed an "opposition to motion to disclose identity and present whereabouts of informant or, alternatively, to dismiss." The People first argued defendant lacked standing to bring the motion since he was on searchable probation. The People explained Sergeant Martin had acknowledged he knew defendant, had prior knowledge that defendant was on searchable probation prior to the execution of the search warrant and had passed the location of the search about two dozen times within the prior two months.

The People's opposition also noted that a search conducted pursuant to a search warrant is presumed lawful. They argued Warda failed to meet his burden of quashing or traversing the warrant, citing *People v. Amador* (2000) 24 Cal.4th 387, 393 and *Theodor v. Superior Court* (1972) 8 Cal.3d 77, 101.

The People also argued defendant did not demonstrate the court had to disclose the confidential informant's information. They noted a "[d]efendant must show that the informant was in a position to perceive "the commission or immediate antecedents of the alleged crime" (*Davis v. Superior Court, supra,* 186 Cal.App.4th at p. 1276, citing *People v. Fried* (1989) 214 Cal.App.3d 1309, 1315) and that disclosure is not mandatory where the informant merely pointed "the finger of suspicion toward a person who has violated the law." (*People v. Thomas* (1975) 45 Cal.App.3d 749, 749–756; see *People v. McShann* (1958) 50 Cal.2d 802, 808.) The People requested an in camera hearing for the court to

determine whether there was any informant and whether he or she was a material witness on the issue of guilt.

### 3. The Hobbs Hearing

On September 15, 2016, the court held a hearing on Warda's motion that was calendared as a *Hobbs* hearing. During the hearing, Warda's counsel admitted he was "really operating in the dark" because the entire warrant and affidavit were sealed. Defense counsel did not have "any information about what individuals they believed were present on the premises." Warda's counsel agreed that "you can't get information through a *Hobbs* motion just because someone points the finger of suspicion," but all he could do is raise the possibility that someone may have information that aids his defense that Warda did not have exclusive control over the firearm. Therefore, Warda's counsel asked the court for "at the very least … an in-camera hearing and determine whether or not there is any information that could potentially aid the defense in this matter."

The prosecution pointed out that Warda was on searchable probation, which law enforcement knew ahead of time. Therefore, Warda's motion was irrelevant and moot because they could have gone in anyway, apart from the warrant.

Defense counsel agreed there was nothing wrong with the search stating, "[T]hey can certainly do a probation search if they are looking for - - even if they are looking for evidence beyond someone's probation terms … when you have a subjective belief that this person committed a crime and you are looking at evidence related to the crime, unrelated to the reason why they are on probation." Counsel explained it "seems" someone provided information since it "strains credibility" that no one provided information to the police.

The court stated that "the purpose of a *Hobbs* motion is to traverse the warrant, not necessarily for discovery. The search here is justified entirely by the probation search, and the warrant [was not] necessary.… So to do an in-camera hearing so you can traverse warrant for essentially no beneficial purpose seems inappropriate. But I do think

that your notion that you are entitled to *Brady* material is certainly appropriate, and I think [that is] where this lies."

Warda's counsel responded, "I think I would be entitled to at least an in-camera hearing to determine whether [a confidential informant] exists and whether one would provide exonerating information." The court replied, "There must be, but [it is] not a *Hobbs* motion, and I [do not] know - - I [do not] know actually that you have that vehicle. … [It is] not a *Hobbs*. Counsel responded that the case law he cited in his motion "has to do with uncovering a confidential informant apart from traversing any search warrant." "So even if we say the search warrant is invalid, I yield the point that that would be … irrelevant. I don't care about the validity of the warrant so much as I care about the identity of anyone that may provide exonerating information." Counsel conceded, "I'm not necessarily attacking the search warrant. Even if I attack the search warrant, I don't know if it would avail me anything."

The court declared that it was taking the discussion out of the *Hobbs* search warrant context to address the *Brady* issue. All parties agreed that the court could conduct an in camera hearing to determine if there were any *Brady* material in the sealed affidavit. The court clarified that it was not going to review the affidavit for the purpose of traversing the warrant because "even if you traverse the warrant, you are left where you are today with a valid probation search, absent a challenge on that basis." The court explained it would read the sealed portion to see if there is any *Brady* evidence and make his findings at the next hearing.

The court ended the hearing stating, "[J]ust to be clear on this. I'm not sure you actually used *Hobbs*. I assumed it was a *Hobbs* motion, and I listed it as such. And the People's opposition was based on that same notion. I'm not sure you cited *Hobbs* either. But for purposes of the motion, to disclose evidence as to the search warrant, it will be denied. But in terms of disclosure under *Brady* and *People v. Davis* - - or *Davis vs. Superior Court*, we'll take that up again in two weeks."

10.

### 4. February 13, 2018 Preliminary Hearing

During the first preliminary hearing on February 13, 2018, Sergeant Martin testified that he and other officers served the search warrant at the automobile shop, in addition to conducting a probation search. Martin explained the search warrant was related to a homicide investigation. The automobile shop business belonged to Warda's brother but was "attributed" to Warda. The search warrant was not for Warda specifically. Martin testified he was not looking for any specific person when they executed the search warrant, but he believed that Warda might be in the automobile shop when they conducted the search.

### 5. February 27, 2018 Court's Ruling on Warda's Motion

On February 27, 2018, the court advised the parties that it had reviewed the sealed portion of the search warrant and stated, "there was nothing exculpatory about what I reviewed." The court informed counsel that Warda's name was mentioned in the warrant affidavit. The warrant pertained to the alleged homicide case. The homicide case had not been filed yet and the court suggested that was the reason it remained sealed.

The court made the following observation: "[S]ometimes we have a *Hobbs* issue where there's a confidential informant who provides information, and if that name is ever released, that [person is] in jeopardy; that person could wind up getting killed if that name is ever released, but that's not the purpose that was sealed for. [¶] This was sealed because of the investigation, but – I don't know that there's really anything in there that needs to remain sealed at this point, but I don't know enough about that other case to make that decision, but I think it should have been set. And in the situations where they're not sealed for protection of the confidential informant, those are different. Those have always been able to be sealed forever to protect the confidential informant." The court also explained that there are issues with unsealing an affidavit during ongoing investigations where unsealing it could jeopardize an investigation.

11.

###### 6. *August 25, 2021 Preliminary Hearing*

During the second preliminary hearing on August 25, 2021, Sergeant Martin testified that officers were conducting surveillance at the automobile shop prior to executing the search warrant. Prior to the search, Martin had driven by the location approximately two dozen times but did not recall seeing Warda there. Law enforcement went to the location to serve the search warrant in an effort to recover items of evidence from an ongoing investigation. They also went to the location to conduct a probation search of Warda. Warda was not the primary suspect of the homicide investigation.

### B. Standard of Review

The trial court's ruling on a motion to discover information contained in a sealed search warrant is reviewed de novo. (*Hobbs*, *supra*, 7 Cal.4th at p. 977.)

#### 1. Applicable Law

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures" by police officers and other government officials. (U.S. Const., 4th Amend.; *People v. Robles* (2000) 23 Cal.4th 789, 794.) A person may validly consent in advance to warrantless searches and seizures in exchange for the opportunity to avoid serving a state prison term. (*Robles,* at p. 795; accord *People v. Bravo* (1987) 43 Cal.3d 600, 608.) Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation. (*Robles*, at p. 795.)

A peace officer is entitled to enter the residence of any person who is on probation with a search condition to conduct a search. (*People v. Woods* (1999) 21 Cal.4th 668, 675.) A search condition of probation that permits a search of a probationer's home without a warrant also permits a search of the home without reasonable cause. (*People v. Bravo*, *supra*, 43 Cal.3d at pp. 607–609.) The warrantless search is justified when "the

searching officer [is] aware of the search condition and thus aware of the defendant's advanced consent." (*People v. Lazalde* (2004) 120 Cal.App.4th 858, 864 (*Lazalde*).)

It is settled that "all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege [under Evidence Code section 1041] and protect the identity of a confidential informant." (*Hobbs*, *supra*, 7 Cal.4th at p. 971; accord, *People v. Martinez* (2005) 132 Cal.App.4th 233, 240; Evid. Code, § 1042, subd. (b).) Consequently, courts are not required to disclose "the identity of an informant who has supplied probable cause for the issuance of a search warrant … where such disclosure is sought merely to aid in attacking probable cause." (*Hobbs*, at p. 959, italics omitted; accord, *Martinez*, at p. 240.) Courts may further refuse to disclose the content of an informant's statements to the extent such " 'disclosure … would tend to disclose the identity of the informer.…' " (*Hobbs,* at p. 962.)

"There is … a presumption of validity with respect to the affidavit supporting the search warrant." (*Franks v. Delaware* (1978) 438 U.S. 154, 171 (*Franks*).) A motion to traverse a warrant challenges the completeness and truthfulness of the warrant affidavit's probable cause showing. (*Id.* at pp. 155–156.) "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient." (*Id.* at p. 171; accord, *Hobbs*, *supra*, 7 Cal.4th at p. 974.) Additionally, " 'a defendant who challenges a search warrant based upon an affidavit containing omissions bears the burden of showing that the omissions were material to the determination of probable cause.' " (*People v. Eubanks* (2011) 53 Cal.4th 110, 136, quoting *People v. Bradford* (1997) 15 Cal.4th 1229, 1297.) Facts omitted from a warrant affidavit are "not material" if "there is no 'substantial possibility

they would have altered a reasonable magistrate's probable cause determination,' and their omission did not 'make the affidavit[s] substantially misleading.' " (*Eubanks*, at p. 136.)

"[I]f these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." (*Franks, supra,* 438 U.S. at pp. 171–172.) "On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." (*Id*. at p. 172.)

In cases where all or part of a search warrant affidavit has been sealed and the defendant moves to traverse and quash the warrant, the court is required to conduct an in camera hearing to determine if "sufficient grounds exist for maintaining the confidentiality of the informant's identity" and if "the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs, supra*, 7 Cal.4th at p. 972, fn. omitted.)

" 'It is well settled that California does not require disclosure of the identity of an informant who has supplied probable cause for the issuance of a search warrant where disclosure is sought merely to aid in attacking probable cause.' " (*People v. Borunda*, *supra,* 11 Cal.3d at p. 527; accord, *People v. Keener* (1961) 55 Cal.2d 714, 723, disapproved on another point in *People v. Butler* (1966) 64 Cal.2d 842, 844.) However, " '[i]t is equally well settled that when the defendant makes an adequate showing that the informer may be a material witness on the issue of guilt or innocence, disclosure should be compelled or the case dismissed.' " (*Borunda*, at p. 527; accord, *Theodor v. Superior Court, supra,* 8 Cal.3d 77, 88; *Eleazer v. Superior Court*, *supra*, 1 Cal.3d 847, 851; *Price v. Superior Court, supra,* 1 Cal.3d at p. 842; *Honore v. Superior Court* (1969) 70 Cal.2d 162, 168.) "[A] defendant seeking to discover the identity of an informant bears the burden of demonstrating that, 'in view of the evidence, the informer would be a material

14.

witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' [Citations.] That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration." (*Borunda*, at p. 527; accord *People v. Garcia, supra,* 67 Cal.2d at pp. 839–840, italics added, fn. omitted.)

>    2.    *Analysis*

Warda claims the trial court erred when it denied his *Hobbs* motion to traverse the warrant based on his status as a probationer. Warda cites to *Davis v. Superior Court, supra,* 186 Cal.App.4th at page 1276 and *People v. Lawley* (2002) 27 Cal.4th 102, 159 to argue he is entitled to "seek discovery of the name and present whereabouts of a 'confidential informant' who is a material witness on the issue of guilt and can give evidence that might exonerate" him. Warda also contends the court erred by not providing him with any information regarding the probable cause basis for the warrant, which he claims he was entitled to.

Initially, we note that the record does not support Warda's claim that he moved to quash or traverse the warrant via *Hobbs*. Warda did not seek to quash the search warrant via *Hobbs* in his written motion, he did not challenge the sealing of a portion of that affidavit, nor did he argue for information regarding the probable cause basis of the warrant or argue that the search was not a valid search. Instead, Warda sought an in camera hearing to determine whether there was an informant and whether the informant had material information on the issue of his guilt or innocence. This is a contention distinct from seeking the identity of an informant for the purpose of challenging the informant's veracity as the basis of a search warrant affidavit. (See, e.g., *People v. Luttenberger* (1990) 50 Cal.3d 1, 16, 18 [the in camera review and discovery procedure is separate but complimentary to the limited right to traverse a warrant].)

During the hearing, Warda's counsel clarified that he was not seeking to traverse the warrant via *Hobbs*. He explained to the court that his motion "has to do with uncovering a confidential informant apart from traversing any search warrant." Warda's counsel explained that he was seeking an "in-camera hearing to determine whether [a confidential informant] exists and whether one would provide exonerating information." In response, the court recognized that "it's not a *Hobbs* motion.…" The trial court explained to counsel that "the purpose of a *Hobbs* motion is to traverse the warrant, not necessarily for discovery." Warda's counsel assured the court that he "[did not] care about the validity of the warrant so much as [he] care[d] about the identity of anyone that may provide exonerating information." Again, counsel explained he was "not necessarily attacking the search warrant" and that even if he did attack the search warrant, he did not know if it would avail him anything. After these discussions, the court recognized Warda was not making a *Hobbs* motion and made the decision to direct the hearing out of the *Hobbs* context and address Warda's discovery request in the *Brady* context.

On this record, we conclude Warda forfeited his right to appeal the court's decision to deny the *Hobbs* motion in the trial court. "A party forfeits his or her right to attack error by implicitly agreeing or acquiescing at trial .… A party who requests the court to act as it did has invited error." (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408; see also *People v. Saunders* (1993) 5 Cal.4th 580, 590 & fn. 6 [an argument not raised below is forfeited on appeal].) "As the United States Supreme Court recognized in *United States v. Olano* [(1993)] 507 U.S. [725,] 731… ' "[n]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880–881; see 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Reversible Error, § 36, pp. 495–497; see also 9 Witkin, Cal. Procedure (4th ed.1997 & 2006 supp.) Appeal, §§ 394, 398 [applying the forfeiture rule in civil matters

16.

except as to questions of law and matters of public interest].) " 'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.' " (*In re Sheena K.*, at p. 881; see *People v. Smith* (2001) 24 Cal.4th 849, 852; *Saunders*, at pp. 590–592.) Therefore, Warda's express assurance to the court that he was not seeking to traverse or quash the warrant forfeits his right to raise this claim on appeal.

Even considering the court's decision to formally deny the *Hobbs* motion, we conclude the court did not err. First, Warda did not move to traverse and quash the warrant. Therefore, the requirement that the court conduct an in camera hearing to determine if "sufficient grounds exist for maintaining the confidentiality of the informant's identity" was not triggered under *Hobbs*. (See *Hobbs*, *supra*, 7 Cal.4th at p. 972, fn. omitted.) Warda was clear when he explained to the court his motion had to do with "uncovering a confidential informant apart from traversing any search warrant." He stated he "[did not] care about the validity of the warrant so much as I care about the identity of anyone that may provide exonerating information." Again, he stated, "I'm not necessarily attacking the search warrant."

Second, Warda failed to make a "substantial preliminary showing" that the affidavit included false statements which were material to the finding of probable cause, which must be shown to require a hearing. (See *Franks, supra,* 438 U.S. at pp. 155–156; *Hobbs*, *supra*, 7 Cal.4th at p. 974.) Warda did not know if there was a confidential informant, let alone that the affidavit included a false statement from an informant or that the false statement was necessary to finding probable cause. (See *Hobbs*, at p. 974.) Warda stated he was in the dark and only had suspicion that there might have been a confidential informant.

Third, even if there was a confidential informant that provided false information material to the probable cause determination for the warrant, there still would have been sufficient probable cause for the search because Warda was on searchable probation.

(C.f., *People v. Lazarus* (2015) 238 Cal.App.4th 734, 768 [search warrant voided only if the affidavit's remining content is insufficient to establish probable cause].) The court responded that it was "not going to look at [the sealed affidavit] to traverse the warrant. Because I think even if you traverse the warrant, you are left where you are today with a valid probation search, absent a challenge on that basis." Warda conceded at the hearing that even if he were to claim the search warrant was invalid, he "yield[ed] the point that that would be … irrelevant." Warda admitted that "[e]ven if I attack the search warrant, I [do not] know if it would avail me anything." The court even told counsel that if there was a "motion made and I determined that the probation search was not a valid way to conduct this search, then we are in a different ball game. But right now the probation search is an appropriate justification for the search that was done." Since Warda never challenged the probation search, he forfeited his ability to challenge it here. (See *Saunders*, *supra*, 5 Cal.4th at p. 590 & fn. 6.)

Regardless, the evidence before the court at the motion hearing was that Sergeant Martin knew Warda was associated with the location and knew that Warda was on searchable probation before the search took place. (See *Lazalde*, *supra*, 120 Cal.App.4th at p. 864 [must have prior knowledge of a resident's searchable status prior to the entry of a residence].) Thus, there was no evidence before the court that the probation search was invalid.

We decline to consider Warda's arguments based on testimony from subsequent preliminary hearings. That evidence was not before the magistrate when it ruled on the motion and therefore, is not considered on appeal. (See *People v. Wright* (1977) 72 Cal.App.3d 328, 344 [courts may "look only to the evidence introduced at the special hearing on determining the validity of the search."].)

Accordingly, Warda's first claim is rejected.

18.

## II. WARDA FAILS TO ESTABLISH HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

Warda claims that his counsel was ineffective for conceding at the hearing that he was not entitled to traverse the warrant because he was on probation at the time of the search. Warda contends his counsel failed to be cognizant of the applicable law. The People disagree and argue that regardless, Warda cannot demonstrate prejudice since Martin conducted a valid probation search, apart from the search warrant.

### A. Relevant Law

To prevail on a claim of ineffective assistance of counsel, the appellant must show (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient representation prejudiced the defendant such that there is a reasonable probability that, but for counsel's failings, the defendant would have obtained a more favorable result. (*Strickland v. Washington* (1984) 466 U.S. 668, 694; *People v. Ledesma* (2006) 39 Cal.4th 641, 746; *People v. Ledesma* (1987) 43 Cal.3d 171, 216, 218.)

"[I]f the record on appeal fails to show why counsel acted or failed to act in the instance asserted to be ineffective, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal." (*People v. Kraft* (2000) 23 Cal.4th 978, 1068-1069; accord, *People v. Wilson* (1992) 3 Cal.4th 926, 936.) "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*In re Cox* (2003) 30 Cal.4th 974, 1019–1020; see *Strickland*, *supra*, 466 U.S. at p. 697 [no need to consider deficient representation if there is no prejudice].)

*B.* *Analysis*

Warda fails to establish his claim of ineffective assistance of counsel.  We need not consider whether or not Warda's counsel's performance was deficient for conceding there was no point in traversing or quashing the warrant since Warda cannot show he suffered any prejudice.  (See *In re Cox, supra,* 30 Cal.4th at pp. 1019–1020; *Strickland*, *supra*, 466 U.S. at p. 697.)  As discussed above, Sergeant Martin knew Warda was on searchable probation and knew he was associated with the automobile shop.  (See *Lazalde, supra,* 120 Cal.App.4th at p. 864 [a warrantless search is justified when "the searching officer [is] aware of the search condition and thus aware of the defendant's advanced consent."].)  Martin testified that he served the search warrant at the automobile shop, in addition to conducting a probation search of Warda.  Thus, the search was valid as a probation search, separate from the search warrant.  Consequently, Warda's ineffective assistance of counsel claim fails.

**DISPOSITION**

The judgment is affirmed.

FRANSON, J.

WE CONCUR:

DETJEN, Acting P. J.

PEÑA, J.