Filed 9/8/25  P. v. Chamaki CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAMAN YOUSEF CHAMAKI,<br><br>Defendant and Appellant. | F088345<br><br>(Super. Ct. No. 20CR-04903)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, A.P. J., Detjen, J. and Fain, J.[†]

[†]     Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Raman Yousef Chamaki's residence was searched, methamphetamine was found, and he was charged with transporting methamphetamine with intent to sell or furnishing methamphetamine. Defendant filed a motion for unsealing of the affidavit in support of the search warrant, which was denied. Defendant subsequently pled no contest to possession of methamphetamine with intent to sell. On appeal, defendant asks us to independently review the sealed affidavit, the search warrant, and related orders to determine: (1) whether the trial court erred in denying defendant's motion to unseal the affidavit; (2) whether the sealed affidavit contains material misrepresentations or missions; and (3) whether the sealed affidavit supports a finding of probable cause. As the court erred in denying defendant's motion to unseal the affidavit, we conditionally reverse the judgment and direct the court to reconsider the motion.

## PROCEDURAL HISTORY

On February 23, 2022, the Merced County district attorney filed an information charging defendant with transporting methamphetamine with intent to sell or furnishing methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 1).

On February 24, 2023, defendant filed a motion for unsealing and disclosure of the affidavit in support of the search warrant. The district attorney opposed the motion and requested an in camera hearing. On September 13, 2023, the trial court held an in camera hearing on the motion, denied it, and ordered that the transcript of the hearing be sealed.

On June 21, 2024, defendant pled no contest to possession of methamphetamine with intent to sell (Health & Saf. Code, § 11378). On that same day, defendant was sentenced to 270 days in county jail plus two years of formal felony probation.

On June 21, 2024, defendant timely filed a notice of appeal, and the trial court granted his request for a certificate of probable cause.

2.

**FACTUAL SUMMARY**[1]

On September 24, 2019, Hugo Bucio, an investigator with the Merced County Sheriff's Office, was informed by investigators from the Department of Homeland Security (HSI) that it had seized a package containing a hallucinogenic drug called DMT. HSI also informed Bucio that defendant was supposed to receive the package and provided an address.

On or around October 9, 2019, Bucio authored an anticipatory search warrant for that address, which was granted. On October 15, 2019, the package was delivered to that address. After defendant accepted the package and took it into the residence, the search warrant was served, and the residence was searched. During the search, Bucio located approximately 39.3 grams of crystal methamphetamine.

**DISCUSSION**

## I.     Applicable Law and Standard of Review

"Evidence Code section 1041 codifies the common law privilege against disclosure of the identity of a confidential informant. Evidence Code section 1042, subdivision (b) states, in particular, that disclosure of an informant's identity is not required to establish the legality of a search pursuant to a warrant. A corollary rule provides 'that "if disclosure of the contents of [the informant's] statement would tend to disclose the identity of the informer, the communication itself should come within the privilege." ' [Citation.] 'These codified privileges and decisional rules together comprise an exception to the statutory requirement that the contents of a search warrant, including any supporting affidavits setting forth the facts establishing probable cause for the search, become a public record once the warrant is executed.' [Citations.] Instead, a court may order any identifying details to be redacted or … may adopt 'the procedure of *sealing* portions of a search warrant affidavit that relate facts or information which, if disclosed in

---

[1]     The facts in this summary are taken from the preliminary hearing transcript.

the public portion of the affidavit, will reveal or tend to reveal a confidential informant's identity.' " (*People v. Galland* (2008) 45 Cal.4th 354, 363–364.)

"When a defendant seeks to quash or traverse a warrant where a portion of the supporting affidavit has been sealed, the relevant materials are to be made available for in camera review by the trial court." (*People v. Galland*, *supra*, 45 Cal.4th at p. 364; see *People v. Hobbs* (1994) 7 Cal.4th 948, 972.) "It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, at p. 972, fn. omitted.)

"We review the trial court ruling on a motion to unseal a search warrant affidavit for an abuse of discretion." (*People v. Washington* (2021) 61 Cal.App.5th 776, 794; see *People v. Bradley* (2017) 7 Cal.App.5th 607, 621; *Davis v. Superior Court* (2010) 186 Cal.App.4th 1272, 1277.)

## II. Analysis

Defendant asks us to independently review the sealed affidavit, the search warrant, and related orders to determine: (1) whether the trial court erred in denying his motion to unseal the affidavit in support of the search warrant; (2) whether the sealed affidavit contains material misrepresentations or omissions; and (3) whether the sealed affidavit supports a finding of probable cause. The People do not oppose independent review of the sealed affidavit to determine whether the court erred in denying defendant's motion to unseal. However, the People argue that, because defendant did not file a motion to quash the search warrant or a motion to traverse the search warrant, defendant is not entitled to an independent review as to whether there are material misstatements in the affidavit or whether probable cause supports the warrant.

To begin, defendant does not dispute that he did not ask the trial court to consider whether the sealed affidavit contains material misrepresentations or omissions, or

4.

whether the sealed affidavit supports a finding of probable cause. Accordingly, we will not conduct an independent review on these issues. (*People v. Hobbs*, *supra*, 7 Cal.4th at pp. 974–975; *People v. Ramirez* (2006) 39 Cal.4th 398, 472.)

However, the trial court abused its discretion by denying defendant's motion for unsealing of the affidavit. The initial sealing of the affidavit was based on the existence of a confidential informant. Additionally, in opposing defendant's motion to unseal the affidavit, the prosecutor relied on the existence of a confidential informant. No other basis was argued.

We have reviewed the record before us, including the sealed search warrant affidavit and the sealed transcript of the in camera hearing, and despite the basis for sealing the affidavit being protection of the identity of a confidential informant, there is no evidence in the record that this case involves a person who confidentially disclosed a violation of the law. (Evid. Code, § 1041, subd. (a); *People v. Bradley*, *supra*, 7 Cal.App.5th at p. 619 ["An informer under [Evid. Code, § 1041] is someone who confidentially discloses a violation of law."].) Accordingly, we direct the trial court to vacate its order denying defendant's motion to unseal. As there may be additional information available for the court's consideration regarding whether this case involves a confidential informant, as well as alternative bases to keep the affidavit sealed (see, e.g., Evid. Code, § 1040), we remand the matter for reconsideration of the motion.

# DISPOSITION

The judgment is conditionally reversed. The matter is remanded to the trial court with directions to vacate its order denying defendant's motion for unsealing and disclosure of the affidavit in support of the search warrant, and to reconsider that motion consistent with this opinion.

If the trial court denies the motion, it shall reinstate the judgment. If it grants the motion, defendant may, but is not required, to seek appropriate relief.[2] If defendant does not seek additional relief, the court shall reinstate the judgment.

---

[2]  We take no position on the merits of any such filing.